### BROOKS v. HUTCHINSON.

1. An attachment issued on an affidavit that the debtor " is actually removing without the limits of said county, or about to remove," is valid ; " actually removing or about to remove " is one ground for attachment.
2. Under section 12 of the act creating the city court of La Grange (Acts 1899, p. 389), any officer authorized to issue an attachment under the general law may make it returnable to said city court.
3. The ground of attachment that the debtor is " actually removing or about to remove " from the limits of the county refers to his person. If the debtor has left the county and established his residence in another before the attachment issues, it will not lie, although he has left property in the county in which the attachment issued.
4. The evidence clearly showing that the debtor had left the county from which the attachment issued and established his residence in another, the verdict was contrary to law.

Submitted April 24, — Decided May 11, 1905.

Attachment.    Before Judge Longley.    City court of La Grange. October 8, 1904.

*E. T. Moon*, for plaintiff in error.    *F. P. Longley*, contra.

SIMMONS, C. J.    It appears from the record that P. H. Hutchinson made an affidavit before a notary public and ex-officio justice of the peace that N. B. Brooks was indebted to him in the sum of two hundred and fifty odd dollars, and that said Brooks was " actually removing without the limits of said [Troup] county, or about to remove ; " whereupon the magistrate issued process of attachment against Brooks, returnable to the city court of La-Grange.    Brooks filed a traverse in which he denied that he was actually removing or about to remove without the limits of said county, and averred that he " had removed to Milledgeville, Ga., and become a citizen of Baldwin county two weeks before said attachment was issued."    The attachment was sued out on May 19, 1904.    The undisputed evidence of Brooks, the defendant, was that he had left La Grange, Troup county, on May 12, 1904, and since that time he had resided continuously in Milledgeville, Baldwin county, Georgia, which he intended to make his home,

and that he became a citizen of Baldwin county on May 12, 1904. It also appears from the evidence that the defendant had left a lot of household goods and other personalty in La Grange, and it was upon this property that the attachment was levied. The case was submitted to a jury, and verdict and judgment rendered in favor of the plaintiff in attachment, that is, against the traverse. Brooks made a motion for a new trial upon the general grounds, and because the court refused to dismiss the attachment, upon motion of the defendant, on the ground that it was issued by a justice of the peace and made returnable to the city court of La Grange, and because it was not sworn to positively, the language of the affidavit, "actually removing without the limits of said county, or about to remove," being in the alternative. The court refused to grant the new trial, and the defendant excepted.

1. The section of the code which provides the cases in which attachments may issue names as one ground, where the debtor "is actually removing, or about to remove, without the limits of the county." Civil Code, § 4510, par. 2. In his affidavit the plaintiff below employed the exact words of the statute, merely changing their order, which in no wise affected or changed the meaning of the sentence. In the case of *Irvin* v. *Howard*, 37 *Ga.* 18, it was held that an affidavit for attachment stating that the "defendant is actually removing, or about to remove, out of said county," was valid, the court declaring, "the affidavit is in the language of the statute and seems to be considered by it as one ground." Thus it will be seen that the construction which has been placed upon this paragraph of section 4510 of the code is, that it is but one ground for attachment, and that an affidavit alleging its language in substance is valid. Nor is this ruling in conflict with the case of *Brafman* v. *Asher*, 78 *Ga*, 32, cited by counsel for the plaintiff in error, in which it was held that an attachment for purchase-money, under the Civil Code, § 4539, could not issue if the affidavit alleged the grounds provided for by that section in the alternative, but that the affidavit must state positively on which ground it is based, or that all of the grounds which are alleged exist. The difference between the *Brafman* case and *Irvin* v. *Howard*, supra, is that the affidavit in the former case alleged that either one or the other of two grounds provided

in section 4539 of the code did exist, while in the *Irvin* case, as well as in the case now under consideration, only one of the grounds provided in section 4510 is alleged. Hence we hold that the affidavit in the present case alleges but one ground for attachment, and is valid.

2. It was also contended by plaintiff in error that the magistrate who issued the attachment had no authority to make it returnable to the city court. This contention is successfully combatted by the act under which the city court of La Grange was created, which expressly provides: "The judge of said city court, or any other officer authorized by law to issue attachments, may issue attachments returnable to said city court under the same laws that govern the issuing of attachments in the superior courts." Acts 1899, p. 389 (XII).

3, 4. Having disposed of the special grounds of the motion, we will now consider the general. Was the verdict contrary to law and the evidence? We think it was. In his testimony the defendant below clearly established the fact that he had removed to Milledgeville, in Baldwin county, on May 12, 1904, with the intention of making Milledgeville his home; and, under the undisputed evidence, Baldwin county had been his actual residence for at least a week before the attachment issued. It is true that he had left certain household goods and other property in La Grange, but that makes no difference, as it is the *person*, and not the property of the defendant, to which the paragraph of section 4510, quoted, refers. This will be seen by an examination of the different grounds enumerated in the section; for example, the first ground is, "When the *debtor* resides out of the State;" the second, "When he is actually removing, or about to remove, without the limits of the county;" the fourth, "When he conceals himself;" and the sixth, "When he is causing his *property* to be removed beyond the limits of the State." When property is meant it is expressly stated. In the case of *Thompson* v. *Wright*, 22 *Ga.* 607, it was held: "To an attachment founded on the ground that the defendant 'is actually removing out of the limits' of the county, it is a good defense that the defendant resides in another county;" and in that case it appears that the defendant had left property in the county in which the attachment was issued. So we hold, that under the facts in this case the verdict was wholly

without evidence to support it, the defendant being a citizen of Baldwin county when the attachment was issued in the county of Troup; and that it was error, therefore, on the part of the court below, to refuse to grant a new trial.

*Judgment reversed. All the Justices concur, except Candler, J., absent.*