Hardeman, Jones, Park & Johnston, Harry S. Strozier, contra.

---

### 9137.  LEXINGTON PRESBYTERIAN CHURCH v. REID
### et al.

The suit was based upon a contract under the terms of which the defend-
ants agreed to purchase from the plaintiff certain stock in an insur-
ance company, at a specified price, in case of removal of the corporate
domicile of the company from its then location to another county.  The
evidence did not show that any amendment to the charter of the cor-
poration was ever obtained authorizing the removal of its principal
office as stipulated in the contract; and consequently no complete legal
removal was ever in fact effected.  The allegations in the petition,
therefore, not being sustained by proof, a nonsuit was proper.

DECIDED APRIL 10, 1918.

Action for breach of contract; from Fulton superior court—
Judge Bell.  June 26, 1917.

Joel Cloud, Colquitt, Conyers & Latimer, for plaintiff.

*Frank A. Hooper,* for defendants.

WADE, C. J.  The plaintiff brought suit against the defendants under the provisions of a written contract in which the defendants agreed to purchase from the plaintiff certain stock in the Empire Life Insurance Company at a specified price, "in case Empire Life Insurance Company is moved to Augusta."  The petition alleged, that, "in so far as the corporate action [of] said Empire Life Insurance Company to that effect was possible, the said amendment was accepted and said removal was accomplished, and defendants as officers and agents of said Empire Life Insurance Company for more than two years treated said removal as accomplished."  The only witness introduced for the plaintiff was Joel Cloud, who made the contract with the defendants as one of the trustees of the Lexington Presbyterian Church.  He testified that in consequence of the execution of the aforementioned contract he withdrew his objection (for and in behalf of the plaintiff) to a proposed amendment to the charter of said insurance company, changing its principal office to Augusta, and thereupon such amendment was authorized by all the stockholders present at a meeting duly called for that purpose.  This action was taken by the stockholders in attendance at said meeting on October 29, 1912, the same day the contract sued upon was executed.  It does not appear from the testimony in behalf of the plaintiff that an amendment to the charter, authorizing the change of the principal office of the insurance company to Augusta, was ever in fact obtained, or even that any further steps were taken in this direction.  In 1913 the legislature passed an act (Acts of 1913, p. 49, et seq.), which was approved on August 19 of that year, providing before such an amendment to the charter of an insurance can be allowed it must be made to appear, by a certified abstract from the minutes of the board of directors, "that the application for the proposed amendment has been authorized by the vote of a majority in amount of the entire capital stock at a meeting of the stockholders called for the purpose."  The evidence does not disclose that *before* the passage of the act of 1913, under and by virtue of the authority conferred in the stockholders' meeting of October 29, 1912, the necessary steps were in fact taken to effect a legal removal of the principal office of the Empire Life Insurance Company from Atlanta, Ga., to Augusta, Ga., by a change in the charter of the cor-

poration. Neither does it appear that *subsequently* to the passage of the act of 1913 any stockholders' meeting was called to consider any such proposed amendment, or that the change of location was authorized as required by said act. Conceding the contention of the plaintiff in error that the judgment of the superior court overruling various demurrers to the petition became the law of the case, since no exception was taken thereto, and therefore that the petition set forth a good cause of action and the allegations therein contained, if sustained by proof, would authorize a recovery by the plaintiff, the plaintiff failed to carry the burden of establishing such allegations. The 14th paragraph of the plaintiff's petition is as follows: "In so far as the corporate action [of] said Empire Life Insurance Company to that effect was possible, the said amendment was accepted and said removal was accomplished, and defendants as officers and agents of said Empire Life Insurance Company for more than two years treated said removal as accomplished. Contracts for sale of large amounts of stock were made with citizens of Augusta, Georgia, and agreements entered into by which the investment of a large amount of money in an office building in Augusta was entered upon and begun. Petitioner avers that in fact and in law the removal of said Empire Life Insurance Company from Atlanta to Augusta was made; but that, even if the actual physical removal has not been completed, defendants are estopped from making any such contention." It will be observed that the paragraph above quoted contains the following precise allegation: "In so far as the corporate action [of] said Empire Life Insurance Company to that effect was possible, the said amendment was accepted and said removal was accomplished." Under the ruling made on demurrer (which was unexcepted to), if this allegation had been sustained by proof, together with other necessary allegations in the petition, a recovery for the plaintiff must have resulted. The facts likewise alleged in the 14th paragraph of the petition, as a basis for the conclusion therein set forth, "that even if the actual physical removal has not been completed, the defendants are estopped from making any such contention," if admitted to be true, were met by the plea in avoidance, set out in the 6th paragraph of the defendants' answer, setting up that the original steps taken on October 29, 1912, towards the removal of the principal office of the company were rendered nugatory by

the act of 1913 aforesaid, which changed the law under which such a removal could be effected before the contemplated amendment to the charter was in fact obtained, and further alleging that no corporate action had been taken by the insurance company since the passage of the aforesaid act of 1913, and therefore its headquarters had never been moved to Augusta and the legal residence of the corporation remained in Fulton county.

The contract upon which the suit was based was expressly conditioned upon the removal of the insurance company to Augusta, and under its terms the defendants were not bound to purchase the stock of the plaintiff at the price specified whenever such removal should be authorized by the corporation or attempted by its officers, or the fact of such removal recognized or understood by such officers; but to make the contract binding there must have been an actual complete and entire removal at law, and this could not have been effected so far as this plaintiff was concerned until all the requisite legal steps had been taken and the charter itself amended so as to constitute Augusta, Georgia, the principal office of the company. Not only was no amendment obtained, but no such removal was even accomplished as alleged in the petition, to wit, "in so far as the corporate action" of the insurance company to that effect was possible, since it was not shown that in pursuance of the resolution authorizing the change, any further corporate action whatsoever was taken towards obtaining the proposed amendment to the charter, by the directors or other officers of the company, before the approval of the act of 1913; nor was it shown that after that act went into effect, the necessary authority under its express requirements was obtained from the stockholders, or any other corporate action whatsoever taken to effect the removal which had been authorized before the passage of said act. Hence, in the absence of any evidence showing even that a petition to change the principal office of the corporation was ever filed in accordance with law, by virtue of the resolution adopted by the stockholders on October 29, 1912, prior to the time when such resolution was nullified by the passage of the act of 1913, or that any steps whatever were taken by any of the officers or stockholders of the corporation after the passage of said act towards effecting the removal, it is clear that the plaintiff failed to establish the necessary allegation that the removal was in effect accomplished "in so

far as the corporate action [of] said Empire Life Insurance Com-·
pany to that effect was possible;" and no removal being accom-
plished even so far as the corporation was able to act through its
officers, neither under the precise terms of the contract nor in law
was the case made out, and the trial court properly awarded a
nonsuit.

Judgment affirmed.   Jenkins and Luke, JJ., concur.