### 10814. CAISON, guardian, *v.* GROOVER.

Trover not being maintainable by one without title to the property, or the right of possession, and it not appearing in this case that either title or the right of possession was in the plaintiff, who, as guardian of her minor son, sought to recover an automobile sold by him to another, which she testified she had bought for him and for which he gave his notes indorsed by her, a verdict for the defendant was proper.

DECIDED JANUARY 29, 1920.

Trover; from city court of Hinesville—Judge W. C. Hodges. July 8, 1919.

*C. L. Cowart,* for plaintiff. *Ben A. Way,* for defendant.

BLOODWORTH, J. Mrs. Caison qualified as natural guardian of her son Ivy Caison, a minor. Ivy purchased an automobile, and gave his notes therefor, which were indorsed by his mother. He sold the car, and his mother, as his guardian, brought trover to recover it. On the trial the mother swore: I bought the automobile for Ivy and let him have it, and he generally drove it, but he did not have any right to sell it or dispose of it in any way. When we bought the car Ivy gave his notes for it, and I indorsed them and have had them to pay. Of course it was Ivy's car. . .

As to whether it is my car or Ivy's, I will say that Ivy gave his notes for it and I have had them to pay, but I have always con· sidered it Ivy's car." So far as the evidence shows, the plaintiff had never had title, possession, or right of possession of the automobile. "To maintain an action of trover, the plaintiff must show title in himself, or the right of possession wrongfully withheld from him by the defendant." *Dudley* v. *Isler,* 21 *Ga. App.* 615 (3) (94 S. E. 827), and cit. The jury properly found a verdict for the defendant, and the court did not err in refusing to set the verdict aside on a motion for a new trial, based on the general grounds only.

   *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*