UNITED STATES FIDELITY AND GUARANTY COMPANY
*et al. v.* LAWRENCE.

No. 11411. FEBRUARY 10, 1937. REHEARING DENIED MARCH 13, 1937.

*Martin, Martin & Snow,* for plaintiff in error.
*Sibley & Allen,* contra.

ATKINSON, Justice. ■ A judgment, rendered on an agreed statement of facts, against a principal and his surety on a statutory replevy bond filed by a defendant in an attachment case, was on review affirmed by the Court of Appeals. The principal obligor in the replevy bond had no interest in sustaining the judgment of affirmance, and consequently was not a necessary party to a petition for certiorari addressed to the Supreme Court by the surety alone, and failure of the petitioner to join him as a party is not cause for dismissal of the petition for certiorari.

84

(*a*) Whether or not the petition for certiorari was amendable by making the principal a party thereto was immaterial.

(*b*) Neither is it cause for dismissal of the petition for certiorari, that in paragraph 3 thereof it was stated that the plaintiff in the trial court was L. G. Lawrence, and the defendants were the surety company and another named corporation, whereas it appeared in paragraph 1 that the petition for certiorari was brought to review the judgment in a case wherein *the surety* alone was "plaintiff in error" and L. G. Lawrence was "defendant in error."

■ The Court of Appeals ruled that the ground of attachment that "the defendant is actually removing or about to remove beyond the limits of the county" is applicable to a corporation which is domiciled within the county; also that where a mercantile corporation carrying on an established business in the county of its domicile decides to discontinue its business and principal office in such county, and is about to remove the corporate business and the stock of goods belonging to it to another county in which all the officers of the corporation reside, "the inference is authorized that the corporation is actually removing or about to remove from the county of its domicile, and it is therefore subject to attachment." In a petition to the Supreme Court for certiorari, error is assigned upon the judgment of the Court of Appeals, on the ground that it is contrary to law, for the reasons (a) that the defendant being a corporation its domicile was fixed by statute and could not be changed except by law, and the statement of facts shows that no effort was being made by the stockholders of the corporation to change its legal domicile; (b) that the ground of attachment mentioned relates to the person and not to the property of the defendant, whereas the statement of facts shows that it was the property of the defendant, and not the person that was involved; (c) that the stockholders alone could proceed for a change of domicile, and there was no evidence to show corporate action in regard to application to the court for change of domicile: *Held:*

. (*a*) These assignments of error are sufficiently specific to comply with rule 45 of the Supreme Court (Code of 1933, § 24-4549), relating to assignments of error in petitions for certiorari to review judgments of the Court of Appeals, wherein it is provided:

"The petition must specify plainly the decision complained of and the alleged errors. It will not be sufficient to set out the contentions and assignments of error made in the original bill of exceptions or motion for a new trial, but it shall be necessary to set forth plainly and specifically the errors alleged to have been committed by the Court of Appeals. A failure to comply with this provision will be deemed a sufficient reason for denying the petition."

(*b*) These assignments of error raise questions of law in matters of gravity and importance, under the principle of *Central of Georgia Railway Co.* v. *Yesbik,* 146 *Ga.* 620 (91 S. E. 873), and *Louisville & Nashville Railroad Co.* v. *Tomlin,* 161 *Ga.* 749 (132 S. E. 90), and will authorize the writ of certiorari to review the judgment of the Court of Appeals.

(*c*) There is no merit in the motion to dismiss the petition for certiorari.

■ "Attachments may issue: . . When the debtor is actually removing, or about to remove, without the limits of the county. . . When the debtor is causing his property to be removed beyond the limits of the State." Code, § 8-101. The second ground of attachment has reference to removal of the domicile of the debtor, and does not contemplate merely removal of his property from the county of his domicile. *Brooks* v. *Hutchinson,* 122 *Ga.* 838 (50 S. E. 926). This ground differs from 6, which contemplates removal of property "beyond the limits" of the *State.*

■ "The superior courts shall have power to create corporations, except banking, insurance, railroad, canal, navigation, express, and telegraph companies." Code, § 22-301. Where a charter granted under this section provides that the principal office and place of business of the corporation shall be in a named city in the county where granted, the domicile of the corporation is in that county, irrespective of the fact that all the officers of the corporation may reside in a different county. *Hutcheson Manufacturing Co.* v. *Chandler,* 29 *Ga. App.* 726, 728 (116 S. E. 849), and cit.

■ "When the situs of a corporation is once established by its charter, unless provision is made therefor in the charter itself, the directors have not authority to change the place of the corporate

abode." *Jossey v. Georgia & Alabama Railway Co.,* 102 *Ga.* 706, 708 (28 S. E. 273) ; and in order to effectuate removal of the corporation's domicile, regular legal steps must be taken and the charter itself amended so as to change the domicile. *Lexington Presbyterian Church* v. *Reid,* 22 *Ga. App.* 170, 173 (95 S. E. 723).

■ Under application of the foregoing principles to the pleadings and the facts, the domicile of the defendant in attachment was in the County of Baldwin, where the charter was obtained. The facts that the officers of the company discontinued the business in Baldwin County, and were about to remove the property of the corporation to Bibb County, where the officers resided, did not authorize an inference that the corporation was actually removing or about to remove from the county of its domicile, or furnish ground for attachment at the instance of the creditor against the corporation. The former decision (*Lawrence.* v. *Lee's Department Store,* 48 *Ga. App.* 271, 172 S. E. 471) dealt with the case on general demurrer to the attachment, which did not raise the question subsequently made by traverse of the alleged grounds of attachment now under consideration. Consequently that decision unexcepted to did not become the law of the case upon the questions raised by traverse to the grounds of attachment. The Court of Appeals erred in affirming the judgment sustaining the attachment.

*Judgment reversed. All the Justices concur, except Jenkins, J., disqualified.*