24905. UNITED STATES FIDELITY AND GUARANTY COMPANY *et al. v.* LAWRENCE.

772

*Martin, Martin & Snow,* for plaintiffs in error.

*Sibley & Allen,* contra.

STEPHENS, P. J. On March 9, 1931, L. G. Lawrence sued out an attachment against Lee's Department Store, a corporation of Baldwin County, Georgia, on the ground that the defendant corporation was "actually removing or about to remove without the limits of the county." The attachment was levied on a stock of merchandise as the property of the defendant corporation. The defendant filed a traverse of the ground of the attachment, and gave a replevy bond for the property, with United States Fidelity and Guaranty Company as surety on the bond. It does not appear from the record that the surety company was a party to the traverse. Afterwards, on January 14, 1935, counsel representing the plaintiff, and the defendant corporation and the surety agreed in writing on a statement of facts to be used "for consideration and determination by his honor, Judge James B. Park, Judge of Baldwin superior court, without the intervention of a jury, said facts to be considered in connection with the attachment and the traverse filed thereto; the ultimate question for decision being whether or not the said surety on the replevy bond executed by the defendant is liable thereon for the amount of the judgment rendered in favor of the plaintiff against the defendant on the trial of the declaration in attachment heretofore rendered." On April 13, 1935, on a consideration of the agreed statement of facts, the court found in favor of the plaintiff against the surety, in the sum of $600, with interest at 7 per cent. from September 1, 1931, which was the amount of the verdict and judgment which had already been found in Baldwin superior court, on July 10, 1933, for the plaintiff against the defendant corporation. Both the defendant corporation, Lee's Department Store, and the de-

fendant surety on the replevy bond, the United States Fidelity and Guaranty Company, in a joint bill of exceptions, excepted to the judgment of April 13, 1935, which was a judgment for the plaintiff L. G. Lawrence against United States Fidelity and Guaranty Company alone, and was not a judgment against the defendant in attachment, Lee's Department Store. While it appears from the record that this judgment was rendered against United States Fidelity and Guaranty Company only, it is recited in the bill of exceptions, which was approved by the trial judge, that on April 13, 1935, a judgment was rendered for the plaintiff against both Lee's Department Store and the United States Fidelity and Guaranty Company.

On February 27, 1936, after consideration of this question, this court affirmed the judgment of the trial court. The United States Fidelity and Guaranty Company, in a petition for certiorari to the Supreme Court, to which the other plaintiff in error, Lee's Department Store, was not a party, excepted to this judgment of affirmance by the Court of Appeals. The Supreme Court granted the certiorari, and reversed the judgment of the Court of Appeals. 184 *Ga.* 83 (190 S. E. 346). The judgment of the Supreme Court reversing the judgment of affirmance of the Court of Appeals is necessarily a reversal of this judgment only in so far as it is a judgment of affirmance of the judgment rendered in Baldwin superior court against United States Fidelity and Guaranty Company only. The judgment of the Court of Appeals, in so far as it is an affirmance of any judgment, if there is any such judgment excepted to, against Lee's Department Store, is in no wise affected by the judgment rendered by the Supreme Court upon the certiorari of United States Fidelity and Guaranty Company. Whether or not the judgment excepted to by both the defendant in attachment and the surety on the bond, in the bill of exceptions in the Court of Appeals, was a judgment against both of these parties, or was a judgment against the surety only, the sole question presented by the bill of exceptions for this court's consideration was whether, under the agreed statement of facts, the judge, in acting as the trior of the facts, was authorized to find that the corporation, which was the defendant in attachment, Lee's Department Store, was actually removing or about to remove without the limits of the county of Baldwin, which was the

corporation's legal residence or domicile. It appears undisputed, from the agreed statement of facts, that "the defendant in attachment was a corporation of Baldwin superior court, of which W. S. Lee of Bibb County was president and majority stockholder, with its principal office and place of business in the City of Milledgeville, Georgia;" that "all officers of said corporation were of Bibb County, Georgia;" that "the location of said principal office and place of business was . . .in the City of Milledgeville," and "this was its only place of business in said county;" that on March 6, 1931, before the issuance of the attachment on March 9, 1931, which was on the ground that the defendant corporation was actually removing or about to remove without the limits of the County of Baldwin, which was the place of the principal office of the corporation, the "plaintiff was notified by W. S. Lee, the president of the defendant, that the said business would be discontinued on the following Monday, March 9, 1931, and that the affairs of said business and stock of goods would be removed to Macon and the principal office and place of business in Milledgeville discontinued; . . and that thereupon on said March 9, 1931, the defendant proceeded to remove the same from Milledgeville to Macon, and was in the act of loading the same on the vehicles and trucks for said purpose of removal when said attachment was levied;" that no application had been made by the defendant corporation to the superior court of Baldwin County for the removal of its domicile to any other place; that no meeting of the stockholders was held for the purpose of considering a removal of the corporation's domicile; and that from the minutes of the corporation there appeared no record of any meeting of the stockholders of the corporation with reference to any removal of the principal place of business of the corporation from Milledgeville in Baldwin County to any other place.

On February 27, 1936, in passing on an assignment of error in the bill of exceptions and in affirming the judgment of the judge of the superior court, this court held that the evidence, which included the statement of the president of the corporation that the affairs of the business of the corporation would be removed to Macon, and that the principal office and place of business in Milledgeville would be discontinued, was sufficient to authorize the finding that the corporation was actually removing or about to

remove its principal place of business or domicile without the limits of the county of its place of business or domicile. This court there held, as appears from the report of this case in *United States Fidelity & Guaranty Co.* v. *Lawrence,* 53 *Ga. App.* 111 (184 S. E. 922) : "Where all the officers of the corporation reside in another county and the corporation has decided to discontinue its business in the county in which it is domiciled, and the business of the corporation and the stock of goods belonging to it are about to be removed to the other county, and the principal office and place of business in the city of the corporation's domicile is by the corporation to be discontinued, the inference is authorized that the corporation is actually removing or about to remove from the county of its domicile, and therefore, it is subject to attachment." On considering the petition for certiorari brought only by the defendant surety on the attachment bond, to which petition the defendant in attachment was not a party, the Supreme Court reversed the judgment of the Court of Appeals of February 27, 1936, affirming the judgment of the superior court of Baldwin County. In reversing this judgment the Supreme Court in its opinion as reported in *United States Fidelity & Guaranty Co.* v. *Lawrence,* 184 *Ga.* 83 (190 S. E. 346), held as follows: "The domicile of the defendant in attachment was in the County of Baldwin, where the charter was obtained. The facts that the officers of the company discontinued the business in Baldwin County, and were about to remove the property of the corporation to Bibb County, where the officers resided, did not authorize an inference that the corporation was actually removing or about to remove from the county of its domicile, or furnish ground for attachment at the instance of the creditor. against the corporation." Under the ruling of the Supreme Court the judgment of the Court of Appeals, in so far as it affirmed the judgment of the trial court against the United States Fidelity and Guaranty Company, the surety on the replevy bond, is vacated, and the judgment of the trial court finding for the plaintiff against this defendant is reversed. The judgment of the Court of Appeals affirming the judgment of the trial court, in so far as the judgment was against the defendant corporation, Lee's Department Store, is not vacated, but is allowed to stand.

*Judgment reversed in part, and affirmed in part. Sutton and Felton, JJ., concur.*