32071. SMITH *v.* R. F. BRODEGAARD & COMPANY.

DECIDED SEPTEMBER 15, 1948.

*C. Baxter Jones Jr., Powell, Goldstein, Frazer, Murphy,* for plaintiff in error.

*Andrew A. Smith, Alfredda Wilkerson,* contra.

PARKER, J. The argument is made that the affidavit is defective because it fails to state positively any ground requiring bail, and any interest by the plaintiff in the property, and any possession by the defendant of the property. The contention is that the words in the affidavit, "the property of said plaintiff or in which he claims a valuable interest," and "that the said property is now in the possession, custody or control of said defendant, and that he (the plaintiff) has reason to apprehend that said property has been or will be concealed or moved away, or will not be forthcoming to answer the judgment that may be made in said case," are disjunctive and not conjunctive or positive. These recitals are in the language of the statute, Code, § 107-201.

The defendant relies mainly on two cases, *Brafman & Son* v. *Asher*, 78 *Ga.* 32, and *Ralls* v. *E. R. Taylor Auto Co.*, 202 *Ga.* 107 (42 S. E. 2d, 446). The *Brafman* case was an attachment for purchase money sued out under the Code, § 8-302, which provides for an attachment in behalf of any creditor whose debt is for the purchase of property, and is due, and "where said property is in possession of anyone holding the same for the benefit of said debtor or in fraud against such creditor." The affidavit in that case set out that the goods were in possession of Samuel Levy, "who holds the same for the benefit of Julius Asher or in fraud against A. Brafman and Son." A motion was made to dismiss the attachment because the grounds of the attachment were not sworn to positively. The trial court sustained the motion and dismissed the attachment and that ruling was affirmed. The *Ralls* case was in the Supreme Court on a question certified by this court, and the holding was that, "where the affidavit under the Code, § 61-301, alleging one ground for dispossessing a tenant, is followed by the words 'or/and' and then another ground, it is not a positive allegation of either ground, and is subject to an oral motion to dismiss."

The decision in the *Brafman* case recognizes that the possession of property by anyone holding the same for the benefit of the debtor is one ground for a purchase-money attachment; that the holding of the property in fraud against the creditor is another ground; and that "both ways furnish likewise good ground of attachment, if the same be positively stated; and neither way will be a good ground unless positively stated." We do not think that the words, "possession, custody or control," as used in the statute providing for bail in actions for personalty, mean three different things; or that they state three different situations or grounds on which a plaintiff in trover can require a bond of the defendant. They express an alternative of terms, definitions, or explanations of the same thing in different words. They mean substantially the same thing, i. e., that the property is within the power and dominion of the defendant. It is hardly conceivable that a person could be in possession of personal property without having some kind of custody or control over the property, or could have it in his custody without some char-

acter of control or possession, or in his control without some measure of custody or possession. "The word 'or', when used not to connect two distinct facts of different natures, but to characterize and include two or·more phases of the same fact, attended with the same result, states but a single ground, and not the alternative." 46 C. J., 1125 (4). This rule of construction has been recognized and applied by our courts in both criminal cases and civil cases.

In *Whitaker* v. *State,* 11 *Ga. App.* 208(5) (75 S. E. 258), the allegation in the indictment for cheating and swindling, that the accused induced another to buy from him "two shares of said stock, or what purported to be two shares of stock in said Bank of Kennesaw," was not subject to demurrer on the ground that it did not definitely allege whether it was two shares, or what purported to be two shares. On page 211, this court said: "The rule is well settled in this State that an indictment must not state any essential of the offense in the alternative; and since the word 'or' is usually a disjunctive conjunction indicating an alternative between two different things, it is generally an improper word to be used to connect the affirmative allegations of an indictment. For instance, it is bad to charge that the defendant shot 'with a gun or a pistol'. But this is not the only use of the word 'or.' It is sometimes used to introduce a reiteration of the same idea and to express it in a somewhat different way." An indictment charging that the defendant permitted a minor "to play or roll billiards," without the consent of his parents, etc., was not demurrable, as in the alternative, because the words, "play" or "roll," as used in the statute are synonymous. *Cobb* v. *State,* 45 *Ga.* 11(2). "If that which follows the disjunctive in the indictment can be properly construed to be merely descriptive of that which precedes it, and not an independent allegation, the alternative statement will not make the indictment fatally defective." *Henderson* v. *State* 113 *Ga.* 1148 (39 S. E. 446).

One ground for the issuance of attachments is that "the debtor is actually removing or about to remove without the limits of the county." Code, § 8-101. In *Irvin* v. *Howard,* 37 *Ga.* 19, where the attachment was issued on the ground that "the defendant is actually removing, or is about to remove out of said

county," a motion to dismiss the attachment was made on various grounds, the first of which was that the affidavit of the plaintiff was in the alternative as to the grounds. The trial court dismissed the attachment and that ruling was reversed. As to the first ground of the motion to dismiss, the Supreme Court treated the affidavit as setting up one ground for the attachment and said: "The affidavit in this case is in the language of the statute, and is therefore valid." That ruling was followed in *Brooks* v. *Hutchinson*, 122 *Ga.* 838 (50 S. E. 926), holding that an attachment issued on an affidavit that a debtor "is actually removing . . or about to remove," is valid, and is one ground for attachment. The court distinguished that case, and also *Irvin* v. *Howard*, supra, from the *Brafman* case, in that the affidavit in the latter alleged that either one or the other of two grounds provided in the statute existed, while in the *Irvin* case, as well as in the case then under consideration, only one ground was alleged. The ruling in *Brooks* v. *Hutchinson* was followed by this court in *Hensley* v. *Minehan*, 29 *Ga. App.* 251(3) (114 S. E. 647).

This construction should apply to the other recitals in the affidavit that the plaintiff owns the property or a valuable interest therein, and that it has been or will be concealed or moved away or not forthcoming to answer the judgment in the case. A plaintiff in a trover action could not own the property involved without having a valuable interest therein, nor could he have a valuable interest in the property without some kind of claim of ownership. As stated in the *Whitaker* case, supra, the use of the word "or" in the recital in the affidavit that the property "has been or will be concealed or moved away, or will not be forthcoming to answer the judgment," etc., is "to introduce a reiteration of the same idea and to express it in a somewhat different way." Concealing the property, or moving it away, or not producing it to answer the judgment "characterize and include two or more phases of the same fact, attended with the same result," which is to keep the property from being reached by the process of the court. This construction gives proper effect to the purpose and meaning of the statute and distinguishes this case from the *Brafman* case.

We think it apparent that the same distinction applies to the *Ralls* case, because in a dispossessory proceeding sued out by a landlord the failure to pay the rent when due on the rented premises is one ground authorizing the dispossession of the tenant, and the holding of possession by the tenant over and beyond the term for which the premises were rented to him is clearly another ground authorizing the proceeding. A tenant might be holding over and beyond his term while continuing to pay rent, or he might be in default of rent although not holding beyond his term.

"Trover is the statutory right to recover the possession of any form of personal property which has been wrongfully taken from the possession of the plaintiff. . . To maintain this action, the plaintiff must show either title in himself or the right of possession" wrongfully withheld from him by the defendant. *Groover* v. *Iler*, 1 *Ga. App.* 77 (57 S. E. 906) ; *Southern Railway Co.* v. *Strozier*, 10 *Ga. App.* 157 (73 S. E. 42) ; *Lynch* v. *Etheridge*, 72 *Ga. App.* 712 (34 S. E. 2d, 670). "It is undoubtedly true that one having a right of possession may sue a stranger or mere wrong-doer in trover, and recover the full value of the property, though his right of possession rests on only a qualified title." *Atlantic Coast Lines R. Co.* v. *Gordon*, 10 *Ga. App.* 311, 314 (73 S. E. 594). See also *Dudley* v. *Isler*, 21 *Ga. App.* 615 (94 S. E. 827) ; *Caison* v. *Groover*, 24 *Ga. App.* 715 (102 S. E. 38) ; *Harrell* v. *Lister*, 29 *Ga. App.* 150 (114 S. E. 77).

The petition alleges that the defendant was in possession of certain personal property therein described, of the value of $308, "to which plaintiff claims title or a valuable interest therein and the right to possession," and that the defendant refuses to deliver the property to the plaintiff or pay him the profits thereof. If the word "or" in the expression, "to which plaintiff claims title or a valuable interest therein and the right to possession," is used disjunctively, we think that the petition is still good as against the general demurrer because it positively alleges the right to possession.

The court did not err in overruling the defendant's demurrers.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*