41797. SCHAFFER v. WOLBE.

FRANKUM, Judge. 1. The only contentions of the appellant on this appeal are that the contract sued on is too vague and

indefinite to be enforced, that it lacks mutuality and consequently is unenforceable, and that the petition fails to allege facts showing that the defendant acted in bad faith so as to entitle the plaintiff to a judgment for the expenses of litigation and attorney's fees. Insofar as the first two contentions are concerned this case is controlled adversely to those contentions by the principles enunciated in *Spindel v. National Homes Corp.*, 110 Ga. App. 12 (137 SE2d 724). As was there said: "While a promise may be a mere nudum pactum when made because it is lacking in mutuality, it may become binding on the promisor when the promisee furnishes the consideration contemplated by the promise. . . The test of mutuality in contracts is to be applied at the time the contract is to be enforced, and if the promisee has accomplished the object contemplated by the promise or offer by doing what was contemplated, thereby the promise is rendered valid and binding. *Retailers Service Bureau v. Newman, Frierson &c. Co.*, 40 Ga. App. 185 (2) (149 SE 89)." There is a distinction between a contract made by the giving of a promise for a promise which must, in order to be enforceable, be mutually binding, and a contract effected by an offer which the offeror contemplates may be accepted by the doing of some act, in which latter case the offeror does not become bound to perform his part of the bargain until the offeree has done the thing intended to be done as an acceptance. The contract alleged in this case is clearly of the latter class. The contract sued on in this case, having been performed by the plaintiff, was neither so vague and indefinite nor so lacking in mutuality as to be unenforceable, and the trial judge did not err in overruling the general demurrers.

2. With respect to the other contention of the appellant, the case of *Edwards-Warren Tire Co. v. Coble*, 102 Ga. App. 106, 111 (115 SE2d 852), controls. As was there said, in effect, bad faith involves actual or constructive fraud or a design to mislead or deceive another, or a neglect or a refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake, but prompted by some sinister motive. The allegations of the petition with respect to the acts of the defendant in concealing from the plaintiff the fact that a commission had been received from the sale in question would, if proved, authorize a jury to infer that the defendant

acted from an interested motive not prompted by an honest mistake as to his rights, and that in so concealing from the plaintiff the fact that a commission had been earned on the sale he had a design to mislead or deceive the plaintiff so as to avoid an existing contractual obligation to the plaintiff, and that such acts amounted to an actual or constructive fraud on the plaintiff.

3. The court did not err in overruling any of the grounds of demurrer.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

ARGUED FEBRUARY 7, 1966—DECIDED APRIL 5, 1966.

*Fine & Rolader, A. J. Block, Jr.,* for appellant.
*Huie, Etheridge & Harland, W. Stell Huie,* for appellee.