43172. SCHAFFER v. WOLBE.

ARGUED NOVEMBER 9, 1967—DECIDED JANUARY 19, 1968.

*Joseph J. Fine, Noah J. Stone,* for appellant.

*Huie & Harland, W. Stell Huie, James H. Morgan, Jr.,* for appellee.

DEEN, Judge. ■ (a) The petition was construed in *Schaffer v. Wolbe,* 113 Ga. App. 448 (148 SE2d 437) as involving "an oral contract of employment by which the plaintiff was to sell real estate for the defendant real estate broker and . . . was to receive 50% of the commissions on all sales and leases in which he participated, either by listing the property, drawing the contract, or showing the property to a prospective purchaser who subsequently purchased it; that in 1962 petitioner participated in the sale of certain property in DeKalb County, on which there was paid to the defendant a commission of $12,500; that such participation on the part of the plaintiff consisted of initially taking the person who later purchased the property to see it, of having conferences with him and his attorney, and in participating in certain other negotiations which finally resulted in the closing of the transaction." Wolbe testified that he was to re-

ceive the commission "whenever I either listed a piece of property or I took a client out and showed him a piece of property and he bought the property." The facts not in dispute are that the purchaser, Steinberg, first learned of the property through an advertisement placed by a New York real estate company; that he was referred to Schaffer's firm; that a contract was made and Wolbe met him at the airport, took him by the apartment project which was then about ⅔ completed, and then to the defendant's office, and that the defendant did not personally take him to the premises until the day of the closing of the sale contract. As to the amount of work done on the sale by Wolbe as salesman and by Schaffer as broker-salesman, there is considerable dispute. Schaffer, the purchaser Steinberg supporting him, insisted that Wolbe's presence on two or three occasions had nothing to do with the consummation of the sale contract or Steinberg's decision to purchase. Wolbe's testimony however, shows him as "participating" in the sense that he showed the property, gave the purchaser requested information, made long distance telephone calls and engaged in other activities normal to the activity of persuading a prospective purchaser to buy. Appellant's contention is that the words "participated, either by . . . or showing the property to a prospective purchaser who subsequently purchased it" means that he must have showed it to a prospective purchaser obtained by the defendant, and not, as here, referred to the defendant by another broker. The contract alleged in the petition was not so construed on demurrer, and whether or not, in case of ambiguity, such meaning should have been assigned to it was a question which the jury necessarily decided in favor of the plaintiff. *Code* § 38-502. The disjunctive "or" does not separate two synonymous conditions, as in *Smith v. R. F. Brodegaard & Co.,* 77 Ga. App. 661 (49 SE2d 500), but means that upon proof of performance of any one of them the plaintiff may recover.

(b) The petition alleged that the commission for the sale of the property was $12,500 which the defendant "agreed to receive in the form of a note and security deed payable on or before three years from its date. The testimony and closing statement show that a $25,000 commission was divided between

the two real estate firms involved, and was in the form of a note secured by second mortgage on the property. One may accept a note in lieu of cash in satisfaction of an obligation. *Farmers & Merchants Bank of Charing v. Rogers,* 55 Ga. App. 38 (189 SE 274); *Wilbanks v. James Talcott, Inc.,* 106 Ga. App. 770 (128 SE2d 333). The particular note accepted here was secured by a second mortgage which was recorded and later satisfied of record with the following language: "The debt which this instrument was given to secure having been paid in full, this instrument is hereby canceled." This constitutes · prima facie evidence of payment. *Hall's Self-Feeding Cotton Gin Co. v. Black,* 71 Ga. 450. It may be contradicted by parol evidence. *Security Financial Corp. v. Blackwood,* 111 Ga. App. 850 (143 SE2d 515). The only other evidence of payment of the promissory note is by Wolbe who testified that the defendant told him he had sold the $12,500 note to the father of the seller of the property for $5,000, and the testimony of the defendant as follows: "Q. And you told him that he wasn't entitled to any [commission] and you sold the note for $5,000? A. No, sir." Since the defendant had just testified he had told Wolbe the latter was not entitled to any part of the commission, the denial must refer to that part of the question concerning the discounting of the note. Wolbe could not testify as to whether the note was discounted or not, and Schaffer denied the truth of the statement. This leaves only the documentary evidence, unexplained, and the jury was authorized to find from it that the $12,500 note with interest had in fact been paid as indicated by its cancellation of record.

(c) The remaining general grounds question was decided when this case was here before. "The allegations of the petition with respect to the acts of the defendant in concealing from the plaintiff the fact that a commission had been received from the sale in question would, if proved, authorize a jury to infer that the defendant . . . had a design to mislead or deceive the plaintiff so as to avoid an existing contractual obligation to the plaintiff, and that such acts amounted to an actual or constructive fraud on the plaintiff." *Schaffer v. Wolbe,* 113 Ga. App. 448 (2), supra. There was sufficient evidence to authorize a

verdict in favor of the plaintiff for the commission sued for. As to interest on this amount, however, we think the trial court erred in instructing the jury that they might compute interest on this amount from January 2, 1962, the date the transaction was closed, in view of the allegations in the petition that plaintiff was entitled to 50% of the commission "actually received" by the broker. The only evidence of when the amount of the commission was received by the defendant must stem from the documentary evidence, which shows that payment was acknowledged and the security instrument canceled on December 4, 1964. There is no evidence in the record justifying an award of interest prior to this date.

■ On cross examination the plaintiff was asked a series of questions: "I'm asking you if you know anything about this contract. . . What is it about that contract you understand? . . . Do you understand about the purchase price? . . . What was the purchase price? . . . Was that a cash price?" to which objections were interposed on the ground that the contract itself would be the highest and best evidence. Counsel then said: "I accept that, Your Honor." Counsel urges that the rulings were error because he was not trying to get the contents of the contract before the jury but to show by cross examination that the witness did not know what was in the contract and thus to justify the inference that the plaintiff had had no hand in preparing it. However, counsel had also instructed the witness to look at the contract. "The writing itself is the best evidence of what the instrument contains, and parol evidence is not admissible in the absence of proof of [its] loss or destruction." *Powers v. Powers*, 213 Ga. 461 (3) (99 SE2d 818). The questions may have had a different purpose, but the court was not specifically asked to rule on that theory, nor is it apparent from the record. The ruling was accordingly not error.

*Judgment affirmed with direction that plaintiff write off from the verdict and judgment all interest except for the period from December 4, 1964, to May 2, 1967. Jordan, P. J., and Quillian, J., concur.*