**Emory L. HUBBARD, et al., Plaintiffs,**

v.

**John B. STEWART, Sr., et al., Defendants.**

**Civ. A. No. 82–116–ATH (WDO).**

United States District Court, M.D. Georgia, Athens Division.

Jan. 7, 1987.

Thomas R. Burnside, Jr., Augusta, Ga., H. Samuel Atkins, Jr., Greensboro, Ga., for plaintiffs.

Peter J. Rice, Jr., Greensboro, Ga., John T. McGoldrick, Jr., Macon, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

By order dated September 16, 1986, the court, after entering judgment in favor of the defendants as to Counts One and Two of plaintiffs' complaint, delayed judgment as to whether summary judgment should also be granted as to Count Three of plaintiffs' complaint until such time as all the parties were afforded an opportunity to address the issues raised by these motions. The parties have so responded, and, therefore, defendants' motions are now ripe for decision.

### I. Subject Matter Jurisdiction

Initially, this court must address whether subject matter jurisdiction over the state law claims of Lynda T. Hubbard (Ms. Hubbard) and Emory L. Hubbard (Mr. Hubbard), as alleged in Count Three of their complaint, was lost when this court granted summary judgment to the defendants on plaintiffs' federal claims. Diversity of the parties is not present in this case; therefore, the doctrine of pendent jurisdiction must be looked at to decide whether jurisdiction over the state law claims continues despite these dismissals.

Even though the federal claims have been dismissed on the merits, it is clear that this court has the power to adjudicate the pendent state law claims subsequent to such dismissals. *See Nishimatsu Construction Co., Ltd. v. Houston National Bank,* 515 F.2d 1200, 1204 (5th Cir. 1975). Hearing of these claims, however, is discretionary with the court, and its decision will be reversed only upon a showing that it abused its discretion. *See Prater v. United Mine Workers of America,* 793 F.2d 1201 (11th Cir.1986). The court, therefore, must look to the policy considerations underlying the doctrine of pendent jurisdiction to determine whether it should

**296**

exercise jurisdiction over plaintiffs' state law claims.

■ The Supreme Court in *Rosado v. Wyman*, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), held that pendent jurisdiction is based upon the "commonsense policy" of the "conservation of judicial energy and the avoidance of multiplicity of litigation." 397 U.S. at 405, 90 S.Ct. at 1214. In addition, the Eleventh Circuit has held that a district court's discretionary decision whether or not to entertain pendent state claims is guided generally by four factors:

(1) whether state law claims predominate in terms of proof, the scope of the issues raised, or the comprehensiveness of remedy sought;

(2) whether comity considerations warrant determination by a state court (i.e., is the state claim novel or particularly complex such that an accurate definitive interpretation of state law is necessary);

(3) whether judicial economy, convenience, and fairness to the litigants would best be served by trying the federal and state claims together; and

(4) whether "the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong."

*Prater*, 793 F.2d at 1208. Of these factors, the interest in providing judicial economy, convenience, and fairness to the litigants is the most relevant.

■ In this case, both plaintiffs and defendants have expended substantial time and energy in preparing their federal and state claims for trial. Furthermore, preparation of the state claims have continued apace with preparation of the federal claims. The parties did not anticipate a dismissal of the federal claims, and, therefore, have not limited their trial preparation solely to these claims. Accordingly, a dismissal of the state claims at this time would not only be unfair, it would mean that a substantial amount of trial prepara-

tion would be rendered worthless. The court, therefore, finds that it should exercise its discretion in entertaining plaintiffs' state law claims in this forum.[1] *Accord, Gray v. International Association of Heat & F.I.A.W.*, 447 F.2d 1118, 1120 (6th Cir.1971); and *Ingram Corp. v. J. Ray McDermott & Co., Inc.*, 698 F.2d 1295 (5th Cir.1983).

## II. Standard of Review

Courts may grant motions for summary judgment when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the burden of demonstrating that no genuine issue of material fact exists in the case. When determining whether this burden is met, courts should review the evidence and all factual inferences in the light most favorable to the party opposing the motion. *See Clemons v. Dougherty County, Georgia*, 684 F.2d 1365, 1368–69 (11th Cir.1982).

## III. Defendants' Motion for Summary Judgment

Defendants have moved this court for summary judgment on plaintiffs' remaining state law claims, as alleged in Count Three of their complaint. These claims allege that defendants' conduct with plaintiffs was fraudulent, and that as a result of their fraud, plaintiffs were injured. More specifically, plaintiffs assert that within the four years preceding the filing of their complaint, defendant The Farmers Bank made personal and business loans to plaintiffs, and, further, that as a mandatory requisite to the making of all these loans, defendant The Farmers Bank required that credit life, disability and property insurance to be taken on the collateral as security for these loans. Plaintiffs also allege that this insurance was required to be purchased through defendant The Stewart Insurance

---

**1.** The court notes that while Georgia law would allow plaintiffs to refile their state claims in a state court upon a voluntary dismissal of the claims in this court, the court believes, based

upon the foregoing, that it would be inequitable to all the parties to require a dismissal of the state claims at this time. *See* O.C.G.A. § 9–2–61 (1986).

Agency. In the course of these transactions, plaintiffs allege that defendants intentionally charged and collected exorbitant insurance premiums for the insurance required, failed to give credit for premiums already paid, and misapplied proceeds derived from this coverage. Plaintiffs contend that defendants acted jointly and severally in their conduct with plaintiffs, and because of this alleged fraudulent conduct, they were damaged.

In support of their position that defendants' conduct was fraudulent, plaintiffs direct this court's attention to various provisions of the Georgia Insurance Code, which purportedly prohibit the alleged transactions asserted by plaintiffs to be fraudulent in this case. In particular, plaintiffs cite to O.C.G.A. §§ 33-6-4, 5, 13 (1982) (dealing with unfair trade practices in the insurance industry); O.C.G.A. § 33-23-79 (1982) (dealing with an insurance agents fiduciary duty with respect to insurance premiums); and O.C.G.A. §§ 33-31-4, 5, 10 (1982)(dealing with the allowable provisions of an insurance policy, the effect of these provisions, and enforcement rights of these provisions). Plaintiffs contend that these violations were intentional and made in bad faith, and, therefore, Georgia's general fraud and deceit statutes, O.C.G.A. §§ 51-6-1, 2 (1982), have been violated. Defendants' motion for summary judgment, however, asserts that these allegations are meritless as a matter of law.

It is defendants' position that, even if this court were to assume that plaintiffs' factual allegations are true, they do not state a cause of action for fraud and misapplication of funds as a matter of law because of the application of the doctrine of res judicata. Defendants raise this defense on the basis of the fact that The Farmers Bank previously had asserted claims for payment of the loans involved in the present action in a state court proceeding. Furthermore, in those proceedings plaintiffs did not assert, by way of counterclaims, the claims presently pending in this court. Judgment was thereafter entered in favor of The Farmers Bank. Defendants, therefore, contend that plaintiffs' claims in this court should have been asserted in that state court action, and since they were not so raised, they were waived under the compulsory counterclaim doctrine under Georgia law.

The full faith and credit statute, 28 U.S.C. § 1738, imposes on the federal courts the obligation to afford state court judgments "the same full faith and credit ... as they have by law or usage in the courts of such state ... from which they are taken." The Supreme Court in *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984), further held that this court must apply the doctrine of claim preclusion, where applicable as a matter of state law, as faithfully as it would be applied by a court of the state in which the judgment was rendered. *See also McDougald v. Jenson*, 786 F.2d 1465 (11th Cir.1986). Given this law, the court must determine the effect of plaintiffs' failure to raise in the state court, by way of counterclaims, the claims presently pending before this court.

■ It is clear, under Georgia law, that a compulsory counterclaim, if not asserted in the primary action, cannot later be asserted in a second action. *See* O.C.G.A., § 9-11-13 (1982); and *First Federal Savings & Loan Association v. I.T.S.R.E., Ltd.*, 159 Ga.App. 861, 285 S.E.2d 593 (1981). Georgia law, however, also provides that this preclusive effect is not present unless the party wishing to assert the defense affirmatively raises it in its responsive pleadings. If it is not so raised, the defense is waived. *See Dromedary, Inc. v. Restaurant Equipment Manufacturing Co.*, 153 Ga.App. 103, 264 S.E.2d 571 (1980). Defendants in this case have failed to assert this defense in their responsive pleadings, and only now make mention of it in conjunction with their motion for summary judgment. The court, therefore, finds this defense to have been waived by defendants.

### IV. Allegations of Fraud

■ The court must, therefore, decide whether plaintiffs have made out a claim

based upon the tort of fraud. In Georgia there are five elements to the tort of fraud. These are:

(1) Misrepresentation by a defendant of a material existing fact;

(2) with knowledge that it is false or with reckless disregard as to whether it was true;

(3) with intent to induce the plaintiff to act or refrain from acting;

(4) that is justifiably relied upon by the plaintiff; and

(5) that because of such reliance, the plaintiff is damaged.

See *Grizzle v. Guarantee Insurance Co.*, 602 F.Supp. 465, 467 (1984); and *Management Assistance, Inc. v. Computer Dimensions*, 546 F.Supp. 666, 671 (1982), *aff'd*, 747 F.2d 708 (11th Cir.1984). In order to survive a motion for summary judgment, plaintiffs must demonstrate the existence of a material issue of fact as to each of these elements.

The first element plaintiffs must prove, misrepresentation of a material fact, can be demonstrated by either showing that a material fact was, in fact, misrepresented, or that a material fact was concealed by defendants. In this latter situation, however, plaintiffs must further allege that a fiduciary or confidential relationship existed such that defendants had a duty to disclose the material fact in question. The plaintiffs' primary contentions in this case are that they were not informed of the presence of surplus premiums being held by defendant insurance agency, and, further, that defendant insurance agency's conduct of continuing to bill plaintiffs for premiums due when, in actuality, plaintiffs maintained sufficient surplus premiums to cover the amount due at that time, misled them about the amount of premiums being held by defendant insurance agency. Plaintiffs allegations, therefore, assert both concealment of a material fact and misrepresentation of a material fact. Plaintiffs have also directed this court's attention to O.C.G.A. § 33–23–79 (1982), which requires an insurance agent to properly account for premiums received from or

due an insured, thus creating the required fiduciary relationship that would impose a duty upon defendant insurance company to disclose information concerning plaintiffs' premiums. Defendants have failed to show, as a matter of law, that excess premiums were not maintained by defendant insurance agency, and, also, that a proper accounting of all premiums paid and/or due was made. For purposes of this summary judgment motion, then, defendants have failed to prove that there is no genuine issue of triable fact as to whether a misrepresentation was made.

The second element of fraud, a misrepresentation made with knowledge that it is false or with reckless disregard as to whether it was true, has also been satisfied, for purposes of this summary judgment motion, by the fact that defendant insurance agency maintained all the records concerning computation of the required premiums due on the policies of insurance, and by the fact that defendant, in its fiduciary capacity, was required to properly account for premiums paid to it and due plaintiffs. Furthermore, the alleged violations of the insurance sections of the Georgia Code cited by plaintiffs, at minimum, create an inference that defendant insurance company's statements, in light of these code sections, might have been made in reckless disregard of the truth. In other words, if these code sections prohibited defendants conduct, and if defendant acted in reckless disregard of these requirements, plaintiffs' evidence could potentially satisfy the second element of the tort of fraud. Whether defendants' conduct violated these code sections, however, must be resolved by a jury.

With respect to the third element of a fraud action, intent to induce the plaintiff to act or refrain from acting, plaintiffs have asserted that both defendants, by their course of action, collected premiums and finance charges that would otherwise not have been collectible from plaintiffs. If plaintiffs can show that excess premiums were charged, and, further, that these premiums were charged not because of an

honest mistake, but, rather, that they were charged pursuant to a scheme designed to recover excess premiums from plaintiffs, this third element would be met. *See Schaffer v. Wolbe*, 113 Ga.App. 448, 148 S.E.2d 437 (1966). Defendants have failed to demonstrate as a matter of law that there were no overcharges made on plaintiffs' account, nor have they demonstrated, as a matter of law, that these alleged overcharges were made due to an honest mistake. Thus, there is a material issue of fact to be tried as to this third element.

The fourth element, justifiable reliance on the part of plaintiffs, is likewise satisfied for purposes of this motion. Plaintiffs contend that they relied to their detriment on defendants' assertions that premiums were due on their insurance coverage. While ordinarily a plaintiff must exercise due diligence in discovering the alleged fraud, plaintiffs have also alleged a fiduciary relationship between defendant insurance agency and plaintiffs. Under Georgia law, the required degree of care to detect fraud is much less when there is such a confidential relationship between the parties. *See U.S. for Use and Benefit of Meva Corp. v. Northeast Construction Co. of W.Va.*, 298 F.Supp. 1135 (1969). Based upon this fact, it is clear that it would be improper to decide as a matter of law whether plaintiffs exercised the required diligence necessary to maintain a fraud action. *See Grizzle*, 602 F.Supp. at 467 (Questions of fraud, bad faith and materiality of misrepresentation are normally for the jury.).

The last element, damages, is alleged by plaintiffs to be the expenses incurred as a result of having to borrow money that would not otherwise have been borrowed absent defendants' fraudulent conduct. These allegations, similarly, are not subject to summary disposition since it is clear that plaintiffs incurred additional expenses from the alleged fraudulently induced loans. Whether these loans were fraudulently induced, and, further, whether these expenses proximately resulted from this conduct is a matter for a jury to decide.

Finally, while defendant The Farmers Bank and defendant insurance agency did not participate directly in every act alleged to be fraudulent in this case, plaintiffs contend that defendants acted jointly in carrying out a scheme to defraud plaintiffs. If plaintiffs are capable of proving such a scheme, the acts of each defendant could be imputed to the other, and, thus, an intentional misrepresentation by one defendant potentially could bind the other in an action based upon fraud. Plaintiffs have presented evidence of a close business relationship between defendant bank and defendant insurance agency. Plaintiffs have also stated that defendant bank required them to purchase insurance from defendant insurance agency prior to giving them loans. While defendants dispute that this requirement was made, it has not been disproven as a matter of law. Thus, plaintiffs have demonstrated a genuine issue of fact as to whether defendants acted jointly in allegedly defrauding plaintiffs.

Viewing the facts most favorably to plaintiffs, therefore, Mr. and Ms. Hubbard have sufficiently shown this court that there is a genuine issue of material fact as to whether defendants' conduct was fraudulent. Accordingly, defendants' motion for summary judgment is hereby DENIED. Fed.R.Civ.P. 56(c).