McCay, Judge.
There is no pretence in this record that the defendant below ever dealt or interfered in any way with this property.as the property of the deceased person whose executor he is charged to *119 be. He found the property among the effects of Mrs. Daniel,- and he took possession of it as hers, by virtue of his right and duty as her administrator. Nothing is better settled than that if one acquire the effects of an intestate from an executor de son tort, this does not make the present possessor an executor de son tort: Com. Dig. Adm’rs, chap. 2; 1 Williams on Executors, 216.
The theory of an executorship de son tort, is that if one meddles with the property of a dead man, it is a fair presumption that there is a will and that the meddler is executor. But if the holder have the possession under a claim of right, however that claim may, in fact, be defective, or only that it *be not fraudulent, he is not executor de son tort: 1 Esp., 335. The defendant here had a right, nay, it was his duty, as administrator, to take possession of this property. He found it among the effects of his intestate, and if he had failed to fake charge of it he would have been liable for any harm that might come to it.
An executor de son tort is in some sense, especially-under our law, a criminal. He is subject, under section 2406 of our Revised Code, to a penalty; and it would be outrageous to charge a man with a penalty for doing that which it -was his duty to do. As administrator, the defendant is liable for any malfeasance of his intestate, but this action is against him as an individual. We do not think his acts make him liable as executor de son tort, for the simple reason that in his taking possession he did not take it as the property of the deceased but as the property of Mrs. Daniel, whose legal representative he is. He stands as to it just as one would who had bought from her. The law casts the title on him as a purchaser. If the title be bad, the property may be recovered from him, but he has not by performing his simple duty as administrator made himself liable as executor de son tort.
There is nothing of sufficient definiteness in the testimony as to the money, to make out the case. It is meagre, indefinite, fixes no amount, nor are we able to say exactly what its significance is.
Judgment affirmed.