*Hendricks, Mills & Hendricks,* for plaintiffs in error.

*W. R. Smith,* contra.

---

6673.   CULPEPPER, adm'r, *v.* CULPEPPER, adm'r, for use, etc.

RUSSELL, C. J.   1. To constitute a valid gift, there must be the intention to give by the donor, acceptance by the donee, and delivery of the article given, or some act accepted by the law in lieu thereof. Civil Code, § 4144. The intention to give must be expressed. Acceptance by the donee (being generally presumed) may be implied; and though delivery must be proved, it may be proved by circumstantial as well as by direct evidence.

2. According to the evidence for the plaintiff, R., her uncle by marriage, in the presence of his wife, who was the plaintiff's aunt, expressed an intention to give to the plaintiff certain money, which apparently he had obtained by his marriage. A few weeks thereafter R.'s wife died, and the plaintiff soon received by mail a negotiable time-certificate of deposit for $250, which had been issued by a bank to R., and was payable to her order, and some months later R. died. In this suit the plaintiff sought to establish her claim of ownership of the certificate of deposit. There was evidence for the defendant that after the time at which, according to the plaintiff's testimony, she received the certificate of deposit, R., the alleged donor, complained that his certificate of deposit had been stolen, but the credibility of this testimony, as well as that in regard to the appearance of the postmark upon the envelope in which the certificate of deposit was said to have been mailed, was a matter for the jury, who had other testimony upon the subject which afforded a plausible reason for R.'s statements, if such were made, and the jury had also before them the envelope itself containing the postmark. The certificate of deposit was not indorsed by R., but there was testimony that he was more than seventy-four years of age, that the deposit was made and the certificate of deposit taken by an agent in his behalf, and that for several years prior to the time of the alleged gift he was not accustomed to writing. *Held:* In this state of the

testimony a verdict for the plaintiff was not unauthorized by the evidence.

3. Though delivery of a non-negotiable instrument is not sufficient to prove a gift, the certificate of deposit in the present case, though not indorsed by the payee, was negotiable, because it was capable of being transferred by mere indorsement. And since "possession of a negotiable instrument is presumptive evidence of title" (*Nisbet* v. *Lawson*, 1 *Ga.* 284), a gift of money represented by a time certificate will not be defeated, if the circumstances indicate that the omission to reduce to writing the evidence of the transfer of the legal title was due to ignorance, accident, or mistake. A person in possession of personal property is presumed to be the owner, until the contrary appears. *Gate City Fire Ins. Co.* v. *Thornton*, 5 *Ga. App.* 585 (63 S. E. 638). The burden of rebutting this presumption is upon parties claiming adversely to the party in possession of a chattel; and when the presumption arising from possession is supplemented by proof tending to show an equitable title and right of property in the person having the possession of the chattel, the issue as to who is the real owner of personalty is one of fact for determination by a jury.

4. In the present case there were circumstances authorizing the inference that only the alleged donor or some one acting for him could have mailed the certificate of deposit; and therefore there was sufficient evidence of delivery. "Any act which indicates the renunciation of dominion of the donor and the transfer of dominion to the donee is constructive delivery; and this may suffice in creating a valid gift. Civil Code, § 4147. Declarations of the donor made after the time of the alleged gift, if admissible at all to disprove a gift, will be of little probative value if a jury is convinced by competent evidence that a donor intended to deliver and did actually deliver the symbol of property which stood in lieu of the chattel, and merely omitted some formal act by which a renunciation and transfer of ownership is usually effected.

5. While, as a general rule, there must be an actual delivery of the chattel at the time of the gift, it is not in every case essential that the expression of the intention to give be synchronous with delivery of the chattel; for if it be plain that there could have been no other purpose in the delivery than to effectuate a definite intention expressed in the past in anticipation of a future delivery, the delivery would complete the gift. There may be a gift although proof of the existence of the intention at the time the gift is consummated may depend upon an utterance antedating the actual consummation of the gift by delivery. To make a valid gift there need be only a present intention to give and a complete renunciation of right by the giver over the thing given, and full delivery of possession as a gift. *Mims* v. *Ross*, 42 *Ga.* 122; *Burt* v. *Anderson*, 112 *Ga.* 465 (37 S. E. 726). See also *Harrell* v. *Nicholson*, 119 *Ga.* 458 (46 S. E. 623), as to symbolical delivery.

6. This is a second verdict, and the discretion of the trial judge in overruling the motion for a new trial will not be controlled.

*Judgment affirmed.*

DECIDED MAY 30, 1916.

Complaint; from city court of Greenville—Judge Revill.    April 22, 1915.

*Howell & Hatchett,* for plaintiff in error.

*N. F. Culpepper,* contra.