## 9706. PENICK SUPPLY Co. *v.* ANDERSON *et al.*

JENKINS, J. 1. Where a provision for the payment of attorney's fees is included in a note given by a decedent, his estate may be made liable therfor in a suit thereon against the administrator in which such fees are claimed, after notice of the claim has been served as is prescribed by the statute. *Harris* v. *Powers,* 129 *Ga.* 74 (58 S. E. 1038, 12 Ann. Cas. 475); *Story* v. *Wolff,* 21 *Ga. App.* 727 (2) (94 S. E. 899).

2. Where any or all of the heirs of a decedent whose estate has no legal representative take upon themselves the exercise of those duties which properly appertain to the office of a legal representative only, they become liable to a creditor of the estate, as executors in their own wrong, for double the value of the property of the estate possessed or converted by them, up to the amount of the creditor's claim. *Alfriend* v. *Daniel,* 48 *Ga.* 154; *Willingham* v. *Rushing,* 105 *Ga.* 72, 79 (31 S. E. 130); *Bowen* v. *Groover,* 77 *Ga.* 126 (2-b).

3. Under the practice prevailing before the adoption of the code, an executor in his own wrong could be sued generally as executor, and judgment recovered against him as such (*Shotwell* v. *Rowell,* 30 *Ga.* 557; *Allen* v. *Hurst,* 120 *Ga.* 763, 48 S. E. 341); but since the adoption of the code it is declared (Civil Code of 1910, § 3886) that an executor de son tort is liable as such to the creditors and heirs of an estate *for double the value of the property so possessed or converted,* and that he shall not be allowed to set off any debt voluntarily paid by him out of its assets. The nature of the suit has thus been limited to a personal action against the wrong-doer, and can not be treated as being directed against the estate itself; and while in such a suit by a creditor the claim against the decedent affords to the plaintiff his legal status, the suit is merely for double the value of the *property* illegally possessed or converted, and can not properly be brought upon the original obligation itself.

4. Even were it possible to construe the present action against the alleged wrongful executors as being for double the value of the personal property illegally possessed and converted, to the extent of the plaintiff's claim under the note, it was nevertheless not error on the part of the trial judge to refuse to permit the plaintiff to convert the action into one against the estate itself by making the subsequently legally appointed administrator a party defendant thereto; nor was it error upon the part of the judge, when sitting as both court and jury, to refuse to render judgment against the defendants for the conditional attorney's fees provided for by the note, for the payment of which the estate had never become legally liable.

Judgment affirmed. *Wade, C. J., and Luke, J., concur.*

DECIDED JANUARY 15, 1919.

Complaint; from city court of Madison—Judge Anderson. April 8, 1918.

*M. C. Few,* for plaintiff.

*Williford & Lambert,* for defendants.