42076. ROBBINS v. RIALES et al.

SUBMITTED JUNE 6, 1966—DECIDED JUNE 27, 1966.

882

*Henry M. Henderson,* for appellant.

*Gettle & Jones, M. David Merritt,* for appellees.

FELTON, Chief Judge. This action is without question one based on *Code* § 113-1102, which is as follows: "If any person, without authority of law, wrongfully intermeddles with, or converts to his own use, the personalty of a deceased individual whose estate has no legal representative, he shall be held and deemed an executor in his own wrong, and as such shall be liable to the creditors and heirs or legatees of such estate for double the value of the property so possessed or converted by him; nor shall such executor be allowed to set off any debt due to him by the deceased, or voluntarily paid by him out of the assets. If such executor dies, his legal representatives shall be liable in the same manner, and to the same extent, as he would be if he were still living." This Code section is in derogation of common law and must be strictly construed. It is a harsh remedy in that it provides a one hundred percent penalty based on the value of property involved plus the denial of benefits which could otherwise accrue to the defendant. For a petition under this section to be

good as against a general demurrer it must show intermeddling in bad faith, possession amounting to a conversion in bad faith, or an attempt to deal with the property in question as an executor, in bad faith. The general allegations of the petition to the effect that the defendant had wrongfully converted the property to her own use and was exercising control over the same and had wrongfully intermeddled with petitioners' share must yield to the specific allegation that the defendant refused to give up said property by treating it as her own "and demanding that petitioners assign their share to her." The petition does not allege the necessary ingredient in that it is not alleged that the defendant is acting in bad faith and not under a bona fide claim of right whether the bona fide claim is founded or unfounded. The petition also shows on its face that the defendant could not perform the function of an executor with reference to the stock and dividends because she could do nothing with the property without the consent of the plaintiffs to a sale or transfer of the property by endorsing the dividend checks and transferring the certificates of stock. See as to the rulings above: *Chattanooga Stove Co. v. Adams*, 81 Ga. 319 (6 SE 695); *Willingham v. Rushing*, 105 Ga. 72 (31 SE 130); *Robinson v. Murray*, 198 Ga. 690 (10b) (32 SE2d 496).

The court erred in overruling the renewed general demurrer to the petition.

*Judgment reversed. Frankum and Pannell, JJ., concur.*