## 53743. SMITH v. ADCOCK et al.

SMITH, Judge.

Adcock and others brought suit against Smith, the appellant, charging that she was an executor de son tort (Code § 113-1102) with respect to funds held in four joint banking accounts. Both parties moved for summary judgment. As to one of the accounts, a certificate of deposit, the trial court held that Smith was not the owner of the funds, had converted them, and was, therefore, an executor de son tort. Judgment was entered for double the amount of the funds. Smith appeals this part of the judgment, contending an issue of fact remained as to whether her handling of the funds was in bad faith. We agree, and the judgment is reversed and remanded for jury consideration of this issue of fact.

1. At the outset, we note that the trial court, in its findings of fact and conclusions of law, accurately analyzed the issue of ownership of the funds and concluded as a matter of law that the deceased, not Smith, owned them. It appeared without contradiction that the estate had no legal representative and Smith converted the funds to her own use, distributing them as she deemed fit. Under a literal reading of Code § 113-1102 a case against an executor de son tort seems to be made out: "If any person, without authority of law, . . . converts to his own use, the personalty of a deceased individual whose estate has no legal representative, he shall be held and deemed an executor in his own wrong. . ." But the cases construing this section have long recognized the harshness of the section, especially with regard to the punitive nature of its "double damages" provision. Accordingly,

these cases have construed the section to contain the element of "bad faith" as a requirement. See especially the excellent discussion of this aspect and review of authorities in *Willingham v. Rushing,* 105 Ga. 72, 79 (31 SE 130). This court has construed the section to require "intermeddling in bad faith, ... or an attempt to deal with the property in question as an executor, in bad faith." *Robbins v. Riales,* 113 Ga. App. 881, 883 (150 SE2d 187).

The court correctly found that the deceased owned and Smith converted the funds of the certificate of deposit. Smith contended that she had held and distributed those funds with a good faith belief that she was authorized to do so. The record leaves this question of fact unresolved, and it cannot be said here, as a matter of law, that Smith was acting in bad faith. Therefore, summary judgment against Smith, as an executor de son tort, for double the value of the certificate of deposit, was improper.

2. The remaining parts of the trial court's judgment were not appealed from and are unaffected by this decision.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED APRIL 4, 1977 — DECIDED JULY 14, 1977 —
REHEARING DENIED JULY 29, 1977 —

*Harvey, Willard & Elliott, Wendell K. Willard,* for appellant.

*John Lantz,* for appellee.