59430. FORD MOTOR CREDIT COMPANY v. PARSONS et al.

CARLEY, Judge.

Plaintiff-appellant filed a petition for writ of possession seeking recovery of a 1973 Ford pickup truck in possession of appellee, Anita J. Parsons (hereinafter "Mrs. Parsons"). Mrs. Parsons' husband, Theodore A. Parsons, bought the truck from an auto dealer in Colorado and gave a promissory note and security instrument to the dealer. Shortly before Mr. Parsons' death, the couple returned to Georgia and after his death, Mrs. Parsons took possession of the truck. Mrs. Parsons defaulted on the monthly payments and appellant instituted this action on the basis of its security interest in the truck acquired as the result of an assignment from the Colorado auto dealer.

Mrs. Parsons answered asserting that appellant had released its security interest in the truck and filed a counterclaim seeking damages for improper collection techniques and harassment. Appellant's complaint was subsequently amended adding a second count against Mrs. Parsons based upon the provisions of Code Ann. § 113-1102. Upon trial of the case, the court granted appellant's motion for directed verdict as to Mrs. Parsons' counterclaim and the jury returned a verdict in favor of Mrs. Parsons as to the claims of appellant. Appellant appeals from the order denying its motion for judgment n.o.v. or, in the alternative, for a new trial.

1. Appellant urges that the trial court erred in failing to direct a verdict in its favor and in thereafter failing to grant appellant's motion for judgment n.o.v., or in the alternative, for a new trial. It is undisputed that appellant did, on or about May 25, 1977, execute a release of its first lien on the State of Colorado Certificate of Title covering the truck. The main issue revolves around the question of whether or not the aforesaid release was supported by sufficient consideration so as to discharge the underlying debt and, thus, preclude the recovery of the truck by appellant.

A review of the record reveals that after her husband's death Mrs. Parsons sought to purchase a Georgia license tag for the truck and in furtherance of such endeavor she furnished the appropriate state representatives with a certified copy of the Colorado title which showed on its face the first lien of appellant. Thereafter, representatives of the state informed Mrs. Parsons by letter, a carbon copy of which was sent to appellant, that two requirements must be

met before a Georgia replacement title could be issued, to wit: (1) The original Colorado Certificate of Title must be provided, and (2) the security interest of appellant must be released. In accordance with Mrs. Parsons' request, appellant forwarded the original Colorado title to Georgia which showed on its face that the first lien of appellant had been released.

A lien may be waived by express agreement based upon a valuable consideration. *Complete AAA Mfg. Corp. v. C. & S. Nat. Bank,* 119 Ga. App. 450 (167 SE2d 734) (1969). Words in a release placed upon a recorded security instrument importing payment of the secured indebtedness are not a contract but constitute only prima facie evidence of payment and may be denied or explained by parol evidence. *Security Financial Corp. v. Blackwood,* 111 Ga. App. 850 (143 SE2d 515) (1965); *Schaffer v. Wolbe,* 117 Ga. App. 118, 121 (159 SE2d 924) (1968).

Apparently, Mrs. Parsons contends that the rebate of the unearned portion of a credit life insurance premium constitutes sufficient consideration to support the release. However, the right to claim the returned insurance premium was a pre-existing right already given appellant under the provisions of the installment note. As a pre-existing legal right of appellant, the rebate could not constitute a new consideration for the release or discharge of the lien. *Stamsen v. Barrett,* 135 Ga. App. 156 (217 SE2d 320) (1975).

The uncontroverted evidence shows that the release by appellant of its first lien on the truck was for only the limited purpose of accommodating and assisting Mrs. Parsons in her efforts to obtain a Georgia tag and title. There was no evidence of any original or new consideration paid by or on behalf of Mrs. Parsons for the release of the security interest by appellant. No payments were made on the truck subsequent to Mr. Parsons' death. Under these circumstances, the release was not supported by good or valuable consideration and, thus, was of no effect.

The purpose of a motion for judgment notwithstanding the verdict is "to provide for a final disposition of the case by the appellate court where the evidence is insufficient to justify the verdict rendered on any theory, or where a judgment for the losing party in the trial court is demanded by the law." *Southern Bell Tel. &c. Co. v. Brackin,* 215 Ga. 225, 227 (109 SE2d 782) (1959). See also, *Kicklighter v. Kicklighter,* 217 Ga. 54 (121 SE2d 122) (1961); *Daniel v. Weeks,* 217 Ga. 388 (122 SE2d 564) (1961). If the verdict returned is not supported by any evidence, denial of the motion for judgment n.o.v. is error. *Jones v. Spindel,* 143 Ga. App. 341 (238 SE2d 703) (1977). The record in this case reveals that the evidence demanded a verdict in favor of appellant and that there is no evidence to support

the verdict in favor of Mrs. Parsons. Since the motion for directed verdict should have been granted, the denial of the subsequent motion for judgment notwithstanding the verdict was error.

2. Appellant also enumerates as error the refusal of the trial court, upon written request, to charge the jury on Code Ann. § 113-1102 which provides: "If any person, without authority of law, wrongfully intermeddles with, or converts to his own use, the personalty of a deceased individual whose estate has no legal representative, he shall be held and deemed an executor in his own wrong, and as such shall be liable to the creditors and heirs or legatees of such estate for double the value of the property so possessed or converted by him; nor shall such executor be allowed to set off any debt due to him by the deceased, or voluntarily paid by him out of the assets. If such executor dies, his legal representatives shall be liable in the same manner, and to the same extent, as he would be if he were still living." In addition to seeking possession of the truck, appellant prayed for judgment against Mrs. Parsons in the sum of $4,300 under this Code section—i.e., an amount equal to double the alleged value of the allegedly converted truck.

In *Penick Supply Co. v. Anderson,* 23 Ga. App. 244 (97 SE 889) (1918), this court held that where "the heirs of a decedent whose estate has no legal representative take upon themselves to exercise those duties which properly appertain to the office of a legal representative only, they become liable to a creditor of the estate, as executors in their own wrong, for double the value of the property of the estate possessed or converted by them, *up to the amount of the creditor's claim."* (Emphasis supplied.) Therefore, under a proper application of this Code section appellant would be entitled, if at all, to no more than the amount of the outstanding balance of the promissory note (approximately $2,888) rather than an amount equal to double the value of the truck.

Furthermore, Code Ann. § 113-1102 is in derogation of common law and, thus, must be strictly construed. *Robbins v. Riales,* 113 Ga. App. 881 (150 SE2d 187) (1966). Given the facts of this case, we do not believe that appellant is entitled to recover any amount whatsoever on the basis of the cited statutory provision. Appellant held a valid security interest in the truck and sought a writ of possession pursuant to specific rights set forth in the security agreement and in accordance with applicable provisions of law. In Division 1 of this opinion, we have determined that, as a matter of law, appellant is entitled to possession of the truck. Code Ann. § 113-1102, providing for a recovery of damages based upon the value of converted personal property in a proceeding in which an award to the plaintiff of the property itself is not sought, is inapplicable to the case at bar.

Accordingly, the trial court did not err in failing to give the requested charge.

3. The remaining enumerations of error are rendered moot by the decisions reached in Divisions 1 and 2 of this opinion and do not require consideration or further discussion by this court.

*Judgment reversed in part and affirmed in part. Quillian, P. J., and Shulman, J., concur.*

ARGUED FEBRUARY 14, 1980 — DECIDED JUNE 12, 1980 —
REHEARING DENIED JUNE 24, 1980.

*Homer S. Mullins, G. Michael Hartley,* for appellant.
*Alton T. Milam,* for appellees.