In re the MARRIAGE OF Sharon L. WENDT and Fred W. Wendt.

Upon the Petition of Sharon L. Wendt, Petitioner-Appellant, and concerning Fred W. Wendt, Respondent-Appellee.

No. 2–69029.

Court of Appeals of Iowa.

Aug. 30, 1983.

Roger L. Sutton of Sutton & Schroeder, Charles City, for petitioner-appellant.

Douglas R. Grabinski of Boyle, Schuler, Stanton, Grabinski & Sorenson, Clear Lake, for respondent-appellee.

Considered by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGAL and HAYDEN, JJ.

OXBERGER, Chief Judge.

Petitioner-wife appeals from the trial court's dissolution decree, challenging the unequal division of property given to both parties jointly by respondent-husband's mother. We affirm, albeit on different grounds than those relied on by the trial court.

Petitioner and respondent were married in 1959. During the marriage, the parties developed a successful horsebreeding business. At the time of trial they owned pure-bred Arabians whose value was estimated at over $200,000. They also owned a 27-acre parcel of land which contained their residence and also the buildings and equipment used in the horse breeding operation. In addition to this property, which was acquired through the parties' mutual efforts, they owned 100 acres of farmland which

had been given to them as a gift by respondent's mother.

Prior to trial the parties entered into a stipulation which disposed of many but not all of the economic issues. The stipulation provided that neither party would receive alimony, that petitioner would have no interest in the trust established by respondent's father, and that the 27-acre homestead and horse herd would be divided more or less equally between the parties. The only substantial economic issue left unresolved by the stipulation was the disposition of the 100 acres of farmland given to the parties by respondent's mother.

The trial court adopted the stipulation described above. · The trial court directed that the 100 acres of donated farmland be sold and that the net proceeds (after payment of a small debt) be divided 66 percent to respondent and 34 percent to petitioner. The trial court noted that under Iowa Code section 598.21(2) gifts received during a marriage should ordinarily be set off to the recipient unless an inequity would result. The trial court stated that if the gifts were left undisturbed in this case each party would receive half the sale proceeds of the 100 acres, since respondent's mother's gift was made to both parties equally. However, the court concluded that an inequity would result from this equal division of the gift since the donor's intent in conveying the property was to mitigate her concern that no property had passed directly to respondent at the time of his father's death.

Petitioner has appealed from the dissolution decree, challenging only the unequal division of the donated 100 acres. She contends that she should receive half of the net proceeds from the sale of this land. It is her position that the gift to both parties created a gift to her of a one-half undivided interest in the property to her, and she argues that the trial court failed to comply with Iowa Code section 598.21(2) when it divided that gift under circumstances where such a division did not create a more equitable distribution of the parties' property.

◼ Petitioner's argument is without merit since Iowa Code section 598.21(2) is inapplicable to the division in question. That section provides in pertinent part that gifts which have been "received by either party" are exempt from division unless a refusal to divide such property would be inequitable. The term "either" is singular, and the provision refers to gifts made exclusively to one party. This conclusion is buttressed by a look at Iowa Code section 598.21(1), which provides that the court "shall divide all property, except inherited property or gifts received by *one* party." (emphasis added). We reject petitioner's argument that it is two gifts of one-half undivided interests to each party. We conclude it is a singular gift of property to both parties. Property gifted to both parties is jointly acquired property and is divisible in the same manner as all other joint marital assets.

◼ The considerations which the trial court must take into account in arriving at an equitable division of marital property are enumerated in Iowa Code section 598.-21(1). Because our scope of review in this case is de novo (see Iowa R.App.P. 4), we must decide whether the award to petitioner of 34 percent of the net proceeds from the sale of the donated 100 acres is equitable in light of these considerations. We point out that we are not bound by any definite rule concerning what portion of the joint marital assets must be awarded to either party. *Arnold v. Arnold,* 257 Iowa 429, 440, 133 N.W.2d 53 (1965).

In the present case we find that the trial court's division of the proceeds from the sale of the donated property was an equitable one. Iowa Code section 598.21(1)(m) provides that the court may consider any "[o]ther factors the court may determine to be relevant in an individual case." The relevant factor we must consider here is the donor's intent in gifting the property to the parties. The trial court found that the property was given to the parties solely because respondent's mother wanted to be sure that her son received an inheritance from his father's estate. There is ample support for this finding in the record. The trial court concluded, and we believe rightly

so, that an equal division of this property would defeat the intent of the donor.

We point out that all other marital property was equally divided between the parties.[1] Petitioner's share included her 50 percent ownership in Wendt Farms, Inc., and a one-half interest in a very valuable Arabian stallion. Excluding the value of respondent's remainder interest, which both parties agreed should not be taken into account in the property division, petitioner received an award of $190,965.50, compared to respondent's share, which was $216,-263.50.

■ Petitioner requests that we award her attorney fees and expenses for this appeal. "Such allowances are generally based on the parties' respective abilities to pay." *In re Marriage of Williams,* 303 N.W.2d 160, 167 (Iowa 1981). Upon review of the financial condition of the parties, and in light of the property settlement awarded, we decline to award attorney fees on appeal.

AFFIRMED.

---

1. There are two exceptions: respondent relinquished his $32,000 half-interest in one of the stallions to the parties' son, and a 1976 pickup truck, valued at $2550 was awarded solely to respondent.