## 22135

Joanne E. ANDERSON, Respondent-Appellant, v. Bunyan W.
ANDERSON, Appellant-Respondent.

(318 S. E. (2d) 566)

Supreme Court

*Jan L. Warner* and *C. Dixon Lee, III*, Sumter, *for appellant-respondent.*

*Eugene F. Rogers* of *Rogers, McDonald, McKenzie, Fuller & Rubin*, Columbia, and *Harry Easterling* of *Goldberg, Cottingham & Easterling*, Bennettsville, *for respondent-appellant.*

Heard June 7, 1984.

Decided June 28, 1984.

HARWELL, Justice:

This action was initiated by Joanne E. Anderson for a divorce from Bunyan W. Anderson, alimony, child custody and support, attorneys' fees, and an equitable division of marital property. The family court granted the parties a divorce on the basis of the statutory separation period and awarded the wife lump-sum alimony of $65,000. He ordered the husband to pay child support and attorney fees and made an equitable division of the property. We affirm in part and reverse in part.

■ The husband first asserts error in the equitable distribution. He contends that the trial judge erroneously characterized his civil service retirement plan as marital property. We agree. In cases decided since the judge's order, this Court has repeatedly held that a spouse's retirement plan is not marital property subject to equitable distribution but may be relevant to the determination of alimony. *Carter v. Carter*, 277 S. C. 277, 286 S. E. (2d) 139 (1982); *Bugg v. Bugg*, 277 S. C. 270, 286 S. E. (2d) 135 (1982); *Brown v. Brown*, 279 S. C. 116, 302 S. E. (2d) 860 (1983); *Haynes v. Haynes*, 279 S. C. 162, 303 S. E. (2d) 429 (1983); *Smith v. Smith*, 280 S. C. 257, 312 S. E. (2d) 560 (App. 1984). On remand the court shall not consider the value of either party's retirement plan in equitable distribution. He may adjust the alimony award in his discretion.

■ The husband next asserts error in the family court's treatment of his inherited property. The judge correctly excluded inherited property from the marital pot. *Hussey v. Hussey*, 312 S. E. (2d) 267 (S. C. App. 1984). The judge also correctly concluded that the value of improvements made to inherited property during the marriage is subject to

equitable distribution. However, the judge erred in arbitrarily attributing 50% of the property's increase in value to inflation and 50% to improvements. We remand for factual findings on the actual value of the improvements.

The record also fails to indicate whether the wife contributed to the improvements. On remand, the court shall make factual findings regarding the parties' relative contributions to the improvements. The court shall also consider the value of Mrs. Anderson's services as a wife and mother under *Parrott v. Parrott*, 278 S. C. 60, 292 S. E. (2d) 182 (1982) in making its equitable distribution of the property. The court shall value marital property as of the date of separation.

The husband next contends that the child support award of $75 per child per week for the younger daughters and $100 per week for the eldest, plus payment of medical, dental, and optical bills, was excessive. We remand for consideration of the needs of the children and their parents' respective incomes in order to determine whether a change in circumstances justifies a reduction in child support.

The wife appeals from the order conditioning the father's child support obligations on continued visitation by the children. We have held that the duty of child support should not be made contingent on visitation. *Garris v. Cook*, 278 S. C. 622, 300 S. E. (2d) 483 (1983). This provision was error.

The husband asserts that the award of costs and attorney fees to the wife was excessive. We affirm the award of costs but find the $73,500 in attorney fees excessive. We reduce Mr. Rogers' award from $56,000 to $37,000 and Mr. Easterling's award from $17,500 to $11,500. These amounts shall cover all services rendered by the wife's attorneys to the date of this opinion. Any reasonable attorney fees and costs incurred by the wife on remand may be awarded by the family court judge in his discretion.

After reviewing this voluminous record, we caution the parties and their counsel that continued litigation is unnecessarily depleting the assets of the parties.

We affirm the divorce and the remaining issues under Rule 23.

Affirmed in part; reversed in part; and remanded.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.