22208

Martha A. SHALULY, Appellant, v. Joseph Richard SHALULY, Respondent.

(325 S. E. (2d) 66)

Supreme Court

*Julius B. Aiken* and *William J. Barnes*, Greenville, *for appellant.*

*Herman E. Cox*, Greenville, *for respondent.*

Heard Dec. 12, 1984.

Decided Jan. 8, 1985.

LITTLEJOHN, Chief Justice:

By the appeal in this divorce action, the appellant-wife, Martha A. Shaluly, contests only the equitable distribution of property ordered by the trial court. She submits that the trial judge awarded a disproportionately large share of the marital property to the respondent-husband, Joseph Richard Shaluly. We agree.

The parties were married for twenty-seven years, and gave birth to five children, two of whom are unemancipated and are in the custody of the wife. The couple began their marriage with virtually no assets but were able to accumulate rather substantial properties during the twenty-seven year period. They operated a small but lucrative grocery business and purchased several parcels of real estate, bonds and made other property investments. For many years while performing the chores of a housewife and rearing children, the wife worked regularly in the store, and it is beyond question that her contribution to the accumulation of properties was substantial.

She was granted a divorce in February 1982 on the ground of adultery. Other issues, including equitable distribution, alimony, child support and attorney's fees, were reserved for a later hearing. The judge awarded $1,600 per month alimony plus $400 per month child support for each child during minority and additionally awarded attorney's fees.

As relates to equitable distribution, which is the only matter on appeal, the judge awarded the wife the marital home (valued between $100,000 and $225,000) and the furniture therein (valued between $5,000 and $85,000) plus $40,000 in bonds. In addition, she was allowed $20,000 taken from a savings account but it is inferable that such was used for support during an eleven-month period already ended.

On the other hand, the judge allotted to the husband the grocery store business (valued between $50,000 and $500,000), Airport Road property (valued at $40,000), rental property (valued between $125,000 and $150,000), $200,000 in tax-free bonds, a $47,000 Certificate of Deposit, a Paine Webber account ($25,000), business checking account ($5,000), Keogh Plan ($8,000) and a lake lot (valued at $30,000).

The authority to distribute equitably the accumulation of a couple during a marriage imposes upon a Family Court Judge an awesome responsibility. In most civil litigation, one may not be divested of property unless twelve jurors unanimously agree. At the same time, one Family Court Judge who sits as both judge and jury may take property from a husband or wife and allocate it to the other. This makes compliance with Rule 27 of the Family Court extremely important in order that there may be a meaningful review when one of the parties feels aggrieved by the distribution decree of the trial judge. This rule requires the judge to make salient findings of fact. A remand of this case might be justified because of the failure of the judge to find values of the many properties involved, but in lieu of remand, this Court will undertake to settle the dispute.

From the values recited hereinabove and the uncertain approximations, it is difficult to determine with exactness the value of the property each of the parties received. For example, the order recites that the value of the marital residence "... has been established to be between $100,000 and $225,000." The value of the furniture is estimated between "... $5,000 and $85,000." It is the duty of counsel to present to the judge evidence from which he may find with a reasonable degree of accuracy the value of the property sought to be equitably distributed. The judge should then find values.

Notwithstanding the absence of specific findings of the value of the properties involved, we have studied the record and listened to the arguments of counsel and reached the decision that the judge abused his discretion in failing to allocate the wife a more abundant portion of the property she helped to accumulate. It is our observation that the husband received nearly all of the income-producing property. While it is true that the wife is collecting substantial alimony, which we have taken into consideration, this would be discontinued in case she marries again. Upon emancipation, the husband will be relieved of paying child support except perhaps for educational expenses.

We are not unaware of the difficult chore Family Court Judges have in placing a value on properties and ordering equitable distribution thereof. There is no exact formula and the parties must depend upon the discre-

tion of the Court. Where discretion is involved, it has sometimes been said that everythng should be considered. While this is perhaps true, it over simplifies the issue. In an effort to be of assistance to the bench and bar, it is appropriate that we indicate some of the criteria which may be properly taken into account by a judge in determining an equitable distribution in a given case. Those considerations approved by the Supreme Court of New Jersey in the case of *Painter v. Painter*, 65 N.J. 196, 320 A. (2d) 484 (1974), are likewise approved by this Court. From that case we quote:

> Guideline criteria over the broad spectrum of litigation in this area include: (1) respective age, background and earning ability of the parties; (2) duration of the marriage; (3) the standard of living of the parties during the marriage; (4) what money or property each brought into the marriage; (5) the present income of the parties; (6) the property acquired during the marriage by either or both parties; (7) the source of acquisition; (8) the current value and income producing capacity of the property; (9) the debts and liabilities of the parties to the marriage; (10) the present mental and physical health of the parties; (11) the probability of continuing present employment at present earnings or better in the future; (12) effect of distribution of assets on the ability to pay alimony and support, and (13) gifts from one spouse to the other during marriage.

The order of the trial judge is affirmed except as it relates to the $200,000 tax-free bonds which were allocated to the husband. Sixty thousand dollars worth of the bonds plus interest accrued as of the date of transfer shall be, and are hereby, awarded to the wife. Otherwise, the judge's order is affirmed.

Counsel for the wife has requested the Court to indicate a fee for the handling of this appeal. The request is proper and husband shall pay counsel for the wife the sum of $2,500 over and above other costs and fees required by Rule 38 of this Court.

Affirmed in part and reversed in part.

NESS, GREGORY, HARWELL and CHANDLER, JJ., concur.