0560

Katherine H. BARR, Appellant, v. Thomas H. BARR, Respondent.
(336 S. E. (2d) 481)

Court of Appeals

*Douglas N. Truslow*, of *Lewis, Lewis, Bruce & Truslow*, Columbia, *for appellant.*

*Robert N. Rosen*, of *Rosen, Oberman & Rosen*, Charleston, *for respondent.*

Heard June 17, 1985.

Decided Oct. 21, 1985.

CURETON, Judge:

In this divorce case the appellant wife appeals from provisions of the family court decree pertaining to the equitable distribution of the marital home. We affirm.

The wife raised five exceptions to the family court ██ order, but has abandoned all but one either by not arguing them in her brief or by failure to assign error in the exceptions. *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977) (failure to argue issue in brief deemed abandonment of exception); *Bentrim v. Bentrim*, 282 S. C. 333, 318 S. E. (2d) 131 (Ct. App. 1984) (failure to raise issue in an exception constitutes waiver). *See* Supreme Court Rule 8, Section 2 and Supreme Court Rule 4, Section 6. A provision of an order neither excepted to nor raised in the brief is not properly before the court on appeal. *Shipman v. DuPre*, 222 S. C. 475, 73 S. E. (2d) 716 (1952). The only exception remain-

ing is whether the trial court erred in finding that the cancellation by the husband's father of a mortgage encumbering the jointly owned marital home was intended as a gift solely to the husband which served to increase his distributive share in the home.

The marital home was purchased by the parties in 1975 for $35,000 and the assumption of a $28,000 mortgage held by the husband's father. The couple executed a $40,000 mortgage to finance part of the purchase price and to pay for improvements totaling $25,000. Shortly after the purchase, the $28,000 mortgage was cancelled. The written cancellation is evidenced only by the words, "Cancelled-Capers G. Barr, Jr.," written across the face of the mortgage. Both the husband and the father testified that prior to the time the parties purchased the marital home, the father agreed to forgive the mortgage. The fact that there was a delay of several months before the mortgage was, in fact, cancelled of record is unexplained. In any event, the father never demanded and the parties never made any mortgage payments. The husband and the father also testified that the forgiveness of the mortgage was intended as a gift solely to the husband. The wife's testimony regarding the nature of the forgiveness was as follows:

> Q. You don't know, all right. Now it's true that Mr. Barr's father, Capers Barr, Jr., forgave a $28,000 mortgage on the Prince Street property, isn't that right?
> A. Yes, sir.
> Q. And that was a gift to Tom Barr, was it not?
> A. I don't know that sir.

The trial judge found that the mortgage cancellation was intended as a gift by the father solely to the husband. At the time of the divorce the house was found to be valued at $83,000. After deducting the $40,000 mortgage and the $28,000 contribution by the father, the trial judge found that there was a net equity of only $15,000 to be equally divided between the parties.

The wife argues that the trial judge erred in concluding that the cancellation of the $28,000 mortgage was intended only for the husband's benefit. She reasons that because the property was jointly titled and the deed to the parties

showed a joint assumption of the mortgage, the cancellation must be viewed as having been intended to benefit both parties. She further reasons that the father's testimony concerning his intent in cancelling the mortgage was inadmissible because it violates the parol evidence rule. We reject her argument.

The parol evidence rule has been defined as follows:

> It is a general rule that parol or extrinsic evidence is not admissible to add to, subtract from, vary, or contradict judicial or official records or documents, or written instruments which dispose of property or are contractual in nature and which are valid, complete, unambiguous, and unaffected by accident or mistake.

32A C.J.S. *Evidence* Section 851 (1964). "Words in a release placed upon a recorded security instrument importing payment of the secured indebted are *not a contract* but constitute only *prima facie* evidence of payments and may be denied or explained by parol evidence." *Ford Motor Credit Co. v. Parsons*, 155 Ga. App. 46, 270 S. E. (2d) 230, 232 (1980) (emphasis added).

The father's testimony did not add to, subtract from, vary or contradict the written evidence concerning the father's intent because all of the documents were silent concerning whom the father intended to benefit. The parol evidence rule does not preclude the admission of evidence which tends to show the donative or other intent of the parties to a gift and "the donor may himself testify directly to his intent in the transaction." 38 C.J.S. *Gifts* Section 66 (1943); *Cf. Dill v. Lumbermen's Mutual Insurance Co.*, 213 S. C. 593, 50 S. E. (2d) 923, 927 (1948) (The intention of any person which is a material fact to be proved can be proved by the direct testimony of such person regardless of whether he is a party to the action.).

The wife further argues that the value of the cancelled mortgage should not have been deducted from the gross equity in calculating her net equity. We disagree. We see the cancellation of the mortgage as a gift from the father of a portion of the purchase price of the house. A donor may forgive a debt due from the donee as a gift by various means including the execution of a release. 38

C.J.S. *Gifts* Section 47 (1943). It is not significant that the execution of the cancellation of the mortgage occurred several months after the father agreed to make the gift. *Cf. Culpepper v. Culpepper*, 18 Ga. App. 182, 89 S. E. 161 (1916) ("It is not in every case essential that the expression of the intention to give be synchronous with delivery of the chattel . . . ."); 38 C.J.S. *Gifts* Section 27 (1943).

The dispositive issue, therefore, is to whom was the gift of the mortgage intended. Both the husband and the father claim that the gift was made to the husband. The decision faced by the trial judge was whether to believe the husband's and father's testimony. We cannot say that the trial judge erred in doing so. Our duty to review challenged findings of fact in equity cases does not require us to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate the credibility of those witnesses. *Klutts Resort Realty, Inc. v. Down'round Development Corp.*, 268 S. C. 80, 232 S. E. (2d) 20 (1977).

We find, as did the trial judge, from the preponderance of the evidence that the gift was intended by the father to benefit the husband only. We are now faced with the question not yet answered by the appellate courts of South Carolina: whether a gift to one spouse during marriage retains its separate identity and thus is recognizable as separate property by a court upon divorce. Both appellate courts of this State have said that inherited property and property acquired in exchange for inherited property retain their separate character. *Anderson v. Anderson*, 282 S. C. 162, 318 S. E. (2d) 566 (1984); *Hussey v. Hussey*, 280 S. C. 418, 312 S. E. (2d) 267 (Ct. App. 1984). By analogy we hold that a gift from a third party solely to one spouse should be treated the same as inherited property. *See Uniform Marriage and Divorce Act*, Section 307, some form of which has been adopted by several states.[1] As a practical matter, however, we see no feasible way of characterizing the house, as apparently the trial court did, as being part separate and part marital property. The house is either

---

[1] The original version of the Act in relevant part defines marital property as "all property acquired by either spouse subsequent to the marriage except: property acquired by gift, bequest, devise, descent."

marital property or it is separate property. We hold it is marital property.

Determining that the house is marital property does not preclude the distribution made by the trial judge in the instant case. An equitable distribution is not necessarily an equal one. The relative contributions of the parties is an important factor to consider in determining the proper portion of property owned in equity by each party. *Burgess v. Burgess*, 277 S. C. 283, 286 S. E. (2d) 142 (1982). In the case of *Shaluly v. Shaluly*, 284 S. C. 71, 325 S. E. (2d) 66 (1985), the Supreme Court adopted criteria from the New Jersey case of *Painter v. Painter*, 65 N. J. 196, 320 A. (2d) 484 (1974), to assist the bar and bench in determining what is an equitable distribution in a given case. Those criteria include a consideration of the source of the acquisition. Evidence that one spouse's family made a major contribution toward the purchase of the parties' residence has been held relevant to the division of marital property in other states. *Ackley v. Ackley*, 100 App. Div. (2d) 153, 472 N.Y.S. (2d) 804, *appeal dismissed*, 63 N.Y. (2d) 605, 481 N.Y.S. (2d) 1023, 471 N. E. (2d) 462 (1984); *In re Marriage of Hedrick*, 659 S. W. (2d) 352 (Mo. App. 1983); *In re Marriage of Wendt*, 339 N. W. (2d) 615 (Iowa App. 1983); *In re Marriage of Herron*, 186 Mont. 396, 608 P. (2d) 97 (1980). Thus, the trial judge was correct in considering the fact that the husband's contribution to the acquisition of the marital estate included a gift to him of $28,000 from his father. Moreover, we have reviewed the overall distribution of property in this case and find it equitable to the wife, especially in view of the other substantial property received by her in the distribution.

Affirmed.

BELL, J., concurs.

SHAW, J., dissents with separate opinion.

SHAW, Judge, dissenting:

In 1975 Capers Barr cancelled his mortgage, assumed by his son and daughter-in-law, Thomas and Katherine Barr, by writing "cancelled" at the foot of the mortgage. Six years later the parties divorced. The family court found Capers

Barr cancelled the mortgage as a gift to Thomas Barr alone. I disagree.

In appeals from family courts, this court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence. *Mitchell v. Mitchell*, 283 S. C. 87, 320 S. E. (2d) 706 (1985).

A donor's intention to give is a prerequisite to a valid gift. *Meyerson v. Manilow*, 231 S. C. 14, 97 S. E. (2d) 88 (1957). Capers Barr manifested no bifurcated intent to cancel the mortgage as a gift to his son alone until the time of trial. At the time he cancelled the mortgage, he simply wrote "cancelled," even though he knew Thomas and Katherine Barr had jointly purchased and titled the subject property, and jointly assumed the mortgage. He neither required nor requested payment from either his son or his daughter-in-law, following cancellation. At the time of trial, he could not recall the names of the donees on his gift tax records, but he could recall he did not change his will as a result of this transaction. I would hold had he intended to cancel the mortgage as a gift to Thomas Barr alone, he would have written "cancelled as a gift to my son alone," or words to that effect, on the mortgage. One cannot undo by self-serving testimony what he has done by documentation.

In *Baptist Foundation for Christian Education v. Baptist College*, 282 S. C. 53, 317 S. E. (2d) 453 (Ct. App. 1984), a donor manifested no intent to restrict a gift until the time of trial. At the time of donation, nothing in writing pointed towards restrictions. This court rejected the donor's testimony, holding, "In determining the intent with which a transfer of property is made, the testimony of the transferor cannot override the written statement of his intentions in terms of probative value." 317 S. E. (2d) at 453.

I reject Capers Barr's testimony as to donative intent. Therefore, I would remand to award Katherine Barr an additional $14,000 as equitable distribution. I find no abuse of discretion in the other awards made by the trial judge.