0731

Lory McLaurin JOHNSON, Appellant v. Vera June Smith JOHNSON, Respondent.

(345 S. E. (2d) 261)

Court of Appeals

C. *Dixon Lee, III,* of *Draine, McLaren and Lee,* Columbia, *for appellant.*

*Darrell Thomas Johnson, Jr.,* Hardeeville, *for respondent.*

Heard April 22, 1986.

Decided June 16, 1986.

GARDNER, Judge:

This is a divorce action in which the trial judge found that the husband was not entitled to equitable distribution but, nevertheless, pursuant to a gratuitous offer by the wife to pay the husband $3,000, the trial judge approved as equitable distribution the $3,000 payment to the husband. The husband cashed the check. We affirm.

This was the second marriage for the wife. In 1950, her first husband purchased seven acres of land on Hilton Head Island, South Carolina. Upon his death in 1972, the wife and her son inherited as equal co-tenants the seven acres. The property was separated by a road which almost equally divided the property; on one side of the road, the wife's first husband built a trailer park; on the other side of the road, there was a residence in which the wife and her son lived prior to the marriage of the wife to the appellate husband of this case.

When the parties of this action married in 1974, the husband was living in a mobile home in the trailer park. Upon their marriage, the husband moved into the house owned jointly by the wife and her son. The husband contends that he materially improved the home and increased its value; on this he bases his claim for equitable distribution.

During the marriage the husband spent the majority of his time around the trailer and the petitioner's house. We note that until about 1976, the husband had a construction business but he left this business in 1976 and devoted most of his time to the wife's house and trailer park. The husband contributed very little money to the support of the parties or to the property.

On the other hand, the wife soon after the marriage, went back to work as a bookkeeper and contributed her salary and the income of the trailer park to the support of the family. The wife, in reality, "brought home the bacon." Not only did she support the husband and his fourteen-year-old daughter, but for about six months she supported his oldest, divorced daughter and her two sons.

The husband estimated that his labor contribution to improvements to the home in which the parties lived totaled

$20,220. He evaluated this labor as follows: $2,500 for making improvements to the front porch, $500 for work on the bathroom, $250 for installing a disappearing stairway, $400 for installing bookcases, $300 for electrical re-wiring, $450 for installing formica countertops, $300 for installing kitchen cabinets, $1,000 for installing new copper pipes, $2,600 for screening in the patio, $300 for furniture refinishing, $200 for recaulking windows, $125 for installing a storm door, $1,200 for building a septic tank and grease trap, $1,000 for building a boat shed, $2,500 for building the laundry house, $250 for a well and new pump, $200 for work on the septic tank for the laundry house, $1,200 for clearing the property, $1,500 for installing utilities to the backyard trailer, $1,500 for hauling dirt, $1,000 for yard work, $200 for installing security lights and $500 for improvements to the fence.

These figures for services are palpably exaggerated. In addition to this, the husband sold some old cars belonging to the wife and with the proceeds bought a boat for $1,000. It was for this boat, that the boathouse was built. Upon separation the husband took the boat.

Moreover, we note again that the wife only owned a half interest in her home, which was inherited property, and not part of the marital estate.

We hold that the trial judge erred in holding that the husband was not entitled to equitable distribution.

Improvements made to inherited property during the marriage are subject to equitable distribution. *Anderson v. Anderson,* 282 S. C. 162, 318 S. E. (2d) 566 (1984). We hold, however, that this error is harmless. The award of $3,000, which is the result of the appealed order, is sufficient and we so hold.

For the reasons stated, the appealed order is affirmed.

Affirmed.

CURETON and GOOLSBY, JJ., concur.