### In re the Marriage of Twyla Ann MARTENS and Frederick William Martens.

### Upon the Petition of Twyla Ann Martens, Petitioner-Appellee,

### And Concerning Frederick William Martens, Respondent-Appellant.

No. 86–778.

Court of Appeals of Iowa.

March 31, 1987.

D. Bradley Kiesey, Washington, for respondent-appellant.

Robert Day of Day & Meeker, Washington, for petitioner-appellee.

Heard by DONIELSON, P.J., and SNELL and SCHLEGEL, JJ.

SNELL, Judge.

The parties to this appeal, Twyla and Frederick Martens, were granted a dissolution of their seventeen-year marriage by the District Court for Washington County on May 2, 1986. The district court, as part of the dissolution decree, awarded Twyla the marital residence and much of the marital property. Frederick brings this appeal in order to challenge the property disposition as inequitable and based in part upon errors of law. Our review is de novo. Iowa R.App.P. 4. Although we are not bound by the district court's findings of fact, we give them weight. Iowa R.App.P. 14(f)(7).

In reviewing a district court's division of marital property, we are guided by the criteria set out in Iowa Code section 598.21(1) (1985). We reaffirm our rejection of any rule based upon a percentage division of the assets. *In re Marriage of Lattig,* 318 N.W.2d 811, 814 (Iowa Ct.App. 1982). We are not bound to achieve a precisely equal division in awards of marital property. *In re Marriage of Andersen,* 243 N.W.2d 562, 564 (Iowa 1976). In general, the division of property is based upon each marital partner's right to a just and equitable share of the property accumulated as a result of their joint efforts. *In re Marriage of Hitchcock,* 309 N.W.2d 432, 437 (Iowa 1976). The controlling mandate is that courts achieve an equitable and just award under the circumstances. *In re Marriage of Wallace,* 315 N.W.2d 827, 831 (Iowa Ct.App.1981). The relative fault of the parties is not a significant factor in determining the division of marital property. *In re Marriage of Willcoxson,* 250 N.W.2d 425, 427 (Iowa 1977).

Frederick contends that the district court erred as a matter of law when it found that the marital residence, valued at approximately $104,000.00, and the twenty acres on which it stood were a gift from Twyla's father to her alone. The 1983 deed conveyed the property to both Frederick and Twyla. Although the deed mentions only "Love and Affection" as the consideration of the transfer, the record discloses that Twyla's father received $17,500.00 from the parties at the time of transfer. This sum represented the proceeds Twyla and Frederick received from the sale of their previous home. The district court awarded Frederick a one-half share of $8,750.00 and found the balance to be a gift to Twyla. The court then awarded the home and real estate to Twyla, finding it not inequitable under section 598.21(2) to do so.

Iowa Code section 598.21(1) (1985) states that the court "shall divide all property, except inherited property or gifts received by *one* party." (emphasis added). In addition, Iowa Code section 598.21(2) (1985) provides:

Property inherited by either party or gifts received by either party prior to or during the course of the marriage is the property of that party and is not subject to a property division under this section except upon a finding that refusal to divide the property is inequitable to the other party or to the children of the marriage.

Obviously, these provisions are not applicable where the gifts are made to both parties. *See In re Marriage of Vrban,* 359 N.W.2d 420, 427 (Iowa 1984); *In re Marriage of Byall,* 353 N.W.2d 103, 105–06 (Iowa Ct.App.1984). In order for a deed to constitute a valid gift there must be (1) donative intent, (2) delivery, and (3) acceptance. *Raim v. Stancel,* 339 N.W.2d 621, 623 (Iowa Ct.App.1983). In the case at bar, the issue presented concerns only the element of donative intent. Specifically, we are urged by Frederick to find that the marital residence and the twenty acres of real estate upon which it stood were gifts to him and Twyla; whereas Twyla argues, and the district court concluded, that this was a gift to Twyla alone.

Our de novo review of the record persuades us that the conclusion reached by the district court is correct. We are cognizant of the fact that the property at issue here was conveyed by standard form warranty deed to both Frederick and Twyla "[a]s Joint Tenants with Full Rights of Survivorship, and not as Tenants in Common,...." We think, however, that this is only one factor to be considered in the broader calculus of donative intent. Our supreme court has stated that "the question of whether or not there has been a gift in a given case is one of fact, in which the intent of the alleged donor in delivering the property is a very material inquiry." *Yagge v. Tyler,* 225 Iowa 352, 357, 230 N.W. 559, 562 (1938). Although the fact that Frederick's name is on the deed is relevant to this inquiry, we do not find it determinative.

Our understanding of the entire record presented on appeal leads us to agree with Twyla that her father did not intend the residence and real estate to be a gift to

Frederick. In this respect, the record in the present case leads us to a conclusion different from that reached in *In re Marriage of Havran*, 406 N.W.2d 450 (Iowa Ct.App.1987), which we also decide today. Unlike the situation in *Havran*, the case at bar contains compelling evidence that the gift was made to Twyla alone. Twyla's father began constructing the residence in the late 1950's, and Twyla had lived on the property since she was seven years old. Twyla had no siblings. Her father testified that he desired the residence and real estate to be enjoyed by Twyla during her lifetime and then to be given to his grandchildren, the children of Twyla and Frederick. The record strongly suggests that the relationship between Frederick and Twyla's father was at best strained and at worst highly acrimonious. Frederick had quit his employ with Twyla's father on several occasions. Twyla's father testified that the only reason Frederick's name was included on the deed was that, after some discussion, his attorney had convinced him to do so. The deed notes that the transaction was "between parent and child." We think Twyla's father intended the property at issue to be a gift only to Twyla.

■ Even were we to place sufficient emphasis on the lone factor in Frederick's favor—that the deed contains his name—to find that the gift was to him and Twyla, the equities of the present case would lead us to award the property to Twyla. An analysis has been developed in the cases for dealing with the analogous issue of determining when equity demands a gift to one party be considered in the property division as opposed to being set aside entirely to the donee. That analysis has focused on the following five factors:

(1) contributions of the parties toward the property, its care, preservation or improvement;

(2) the existence of any independent close relationship between the donor or testator and the spouse of the one to whom the property was given or devised;

(3) separate contributions by the parties to their economic welfare to whatever

extent those contributions preserve the property for either of them;

(4) any special needs of either party;

(5) any other matter which would render it plainly unfair to a spouse or child to have the property set aside for the exclusive enjoyment of the donee or devisee.

*See In re Marriage of Thomas*, 319 N.W.2d 209, 211 (Iowa 1982). Although illustrative by way of analogy only, we think this analysis is helpful also in cases like the present one. The record contains no evidence in Frederick's favor under the first factor save for his initial contribution of part of the $17,500.00 consideration. That contribution was reimbursed by the district court's order. We have dealt above with the nature of Frederick's relationship with his father-in-law and, suffice it to say, find nothing to be in Frederick's favor on this point. The record contains no evidence which would be in Frederick's favor with respect to the third and fourth factors. As to the fifth factor, we think the clear intent of Twyla's father that Twyla and, after her, her children enjoy the property renders an award of a portion of the property to Frederick plainly unfair. In similar cases we have looked to the intent of the gift donor in determining an equitable property division. *In re Marriage of Wendt*, 339 N.W.2d 615, 616–17 (Iowa Ct. App.1983). The controlling statute contemplates our consideration of such factors. Iowa Code § 598.21(1)(m) (1985); *In re Marriage of Wendt*, 339 N.W.2d at 616. Our mandate is to equitably divide the property. Iowa Code § 598.21(1) (1985). In doing so, we attempt to sanction each party's right to an equitable share of property accumulated as a result of the parties' joint efforts. *In re Marriage of Hitchcock*, 309 N.W.2d at 437. In the present case, even assuming a gift to both parties, we would award the property to Twyla.

■ In disposing of the remainder of the marital property, the district court sanctioned to a large extent the stipulated wishes of the parties. Twyla received gifted jewelry, all household goods which had been left in the home by her father, an organ, bedroom set, commode, glass-top oak table, recliner, dining room set, child's

rocker, washer, dryer, a car, several horses, and horse-care equipment. Frederick was awarded a gifted oak table and antique dishes, a sofa, loveseat, coffee table, king-sized bed, stove, refrigerator, a car, pickup, and freezer. The debts of the parties were allocated and their grocery store was ordered sold with the proceeds to be initially applied to debts and the remainder, if any, allocated between the parties. We have considered the remainder of Frederick's contentions and find them to be unpersuasive and the remainder of the decree to be equitable. Accordingly, we affirm the decree. Costs are assessed to Frederick save for the costs associated with the production of the supplemental appendix. Such costs are assessed to Twyla in recognition of what we consider to be inappropriate and unnecessary contents. *See* Iowa R.App.P. 15(b).

AFFIRMED.